Mathews, J.
delivered the opinion of the court. The defendants and appellants are sued as endorsers of a foreign bill of exchange, which was returned from England, protested for non-acceptance, and non-payment.
*344 They resist the claim on several grounds.
1. That the plaintiffs are not the owners of the bill.
2. That they have been guilty of laches, or culpable of negligence, in having it presented too late to the drawee for acceptance.
3. That they made no demand of payment.
I. The first objection to a recovery, by the plaintiffs and appellees, we are of opinion, is not supported by the evidence in the cause. They are (as nothing appears to the contrary) the holders of the bill under regular endorsements, and must be presumed to be the owners of the bill. The circumstance disclosed by the testimony of Oldham, does not destroy this presumption. Whether they have credited their immediate endorsers, on their books, for its amount, ought not to alter the nature and effect of the right, which they acquired by the written contract of endorsements, established by the custom of merchants, that is to recover the amount of the bill, from the drawers or endorsers, if they have used due diligence.
A recovery against the defendants, in the present suit, will clearly bar any action *345 brought by Duncan & Co., and the disposition of the proceeds of the bill, when recovered, is not a matter which concerns the defendants.
II. In support of their next objection, the counsel of the defendants and appellants, relies much on the testimony of Salkeld, one of the partners of the commercial house on which the bill was drawn. It is true, that this testimony established the fact, that bills drawn on them, posterior to the one on which the present suit is brought, by the same drawers, were accepted and paid. But it does not follow, as a necessary consequence, that, because the holders of these bills have been more diligent than the plaintiffs and appellees, the latter have been guilty of such laches, as must, according to the custom of merchants, exonerate the drawers from their liability.
On the subject of presenting bills for acceptance, whether payable at sight, or in any other manner, it would seem that there is a general rule, viz. that due diligence must be used. What course of conduct by the holder will constitute this species of diligence, perhaps, *346 is not reducible to the government of any precise or invariable rule, and was formerly eld to be a matter of fact, to be determined by the jury in every case, and is now established to be a question of law. Yet, by this change, little additional certainty is gained, as the precise time, within which a demand must be made for acceptance, is as undetermined as before. According to the opinion of Buller, J., in the case of Muilman vs. D'Eguino, 2 H. Bl. 525, the only certain rule that can be laid down, with regard to bills at sight, or a certain time after, is, that they ought to be put in circulation. If this be done, as was the case with the one on which the present suit is brought, it appears that the time between the periods of drawing and presenting for acceptance, may be very considerable, without any charge of negligence against the holder.
It appears in evidence, in this case, that the most usual course, which bills drawn in New-Orleans on England, take, is to be negotiated in some city of the Atlantic states, and from thence to their final destination. This course of trade does not appear to us, to have any thing unreasonable or unjust, in relation to *347 any party to a bill, and the precaution, which one of the witnesses states, that he generally take of transmitting one of the set directly to its place of destination tor acceptance, may be useful by increasing the credit of the bill, but argues nothing against the propriety of the steps which are generally taken by holders of such bills.
Upon the whole, we are of opinion, that no laches are attributable to the plaintiffs, in relation to the demand of acceptance on the drawee.
The holder of a bill of exchange, having a right to resort to the drawer and endorsers, immediately on the protest for non-acceptance, and, as it is believed, that this right is not invalidated, by retaining the bill till its maturity, and then demanding payment, we deem it unnecessary to examine the third objection.
As to the bill of exceptions to the admission of the notarial protest, the decision of the court, a quo, is clearly correct.
We find on the record, an exception to the competency of the testimony of Dorsey, one of the witnesses introduced by the plaintiffs and appellees, to prove notice to the defen *348 dants of the dishonour of the bill, but as this is sufficiently proven by other witnesses, it is thought unnecessary to decide on the bill of exceptions taken thereupon.
Hennen for the plaintiffs, Livingston for the defendants.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.