Porter, J.
J udgment was rendered in this cause, on the 24th day of October, 1820; on the I .'3th of the same month, in the year 1821, the judge of the district court certified the record in the following manner — “that the foregoing record contains all the facts upon P ° - * which the case was tried, in the first instance, 7 7 as well as I now can say, except the record the proceedings in the case of Azaritto vs. Labiche, which were, I believe, made a part.” It is objected, that this certificate does not comply with the requisitions of the law on this subject.
*2 This court has held, in the case of Kimbal vs. Franklin, 5 Martin, 666, that under the act of 1817 (regulating the practice of our courts) when the matters on which the cause was tried, in the first instance, consisted of written documents; the judge might certify, at any time in his discretion, as long as his memory served him.
This case is clearly distinguishable from that just cited. The judge does not certify that the Case was tried on written documents alone, and of course, we cannot judicially know that it was so tried. Again, he does not state, positively, the record contains all the facts. He goes no further than to declare, that as well as he now can say, it does contain them all.
It has been urged, that if he had given a certificate in the most positive terms, it wrould only have been to the best of his recollection. But in this position, I cannot agree with the counsel; if the judge took, as it is presumed he often does, notes of the documents offered on the trial, he could know as w ell six months after judgment, as before, on w hat evidence it was tried. The very language too, which the judge uses, shews that he doubted — the exj *3 pressions are, “ as well as I now can say,”— if he then is not sure it contains a}l the matters submitted to him, how can this court be certain of it ?
However severely the decision may operate, I think we must dismiss the appeal. It does not appear that the cause was tried on written documents; and when it does not, the judge has nought to certify after judgment. If it was trieeHjTwritten documents, the certificate is not positive, and the result must be the same. 9 Martin, 91. We have (as it was pressed we should) surely a wish, to make our judgments promote, and enforce justice between the parties litigating; but we must never lose sight of the limitation within which wo can indulge that desire; — that they should be in obedience to law.
I think the appeal should be dismissed with costs.