Porter J.
delivered the opinion of the court. The evidence clearly establishes that the contract entered into by the parties to this suit was one of “ Exchange.” which is defined *90 to be a transaction "where the contractors give to each other, one thing for an other, whatever it be, except money." Civil Code, 370, art. 1. In the case before us, the plaintiff and appellee gave fifty three barrels of pork, and a small sum in money, for a note of one William S. Brown, indorsed by Joseph Byrnes.
East'n District.
June, 1822.
This obligation proving of no value, both maker and indorser having become insolvent, we are called on to decide whether the defendant must not pay for the property he received for it.
In the contract of exchange, each of the parties is individually considered as vendor and vendee. Code, 370, art. 8. What then are the obligations of him who disposes of an incorporeal right? Positive law has defined them;—“ he who sells a debt, or an incorporeal right, warrants its existence at the time of the transfer.” Civil Code, 368, art. 125. But he does not warrant the solvency of the debtor unless he has agreed so to do, idem 126, Pothier, traite de vente, no. 560, Digest, Liv. 21, tit. 2, Loi 74, No. 3. No such agreement is proved here, and the evidence has failed to establish fraud.
McCaleb for the plaintiff, Ripley for the defendant.
The case of Gordon & al. vs. Macarty, 9 Martin, 268, was one where a debt already existed, and was therefore decided on principles of law, which have not any application to contract such as this.
It is therefore ordered, adjudged and decreed, that the judgment of the district court, be annulled, avoided and reversed, and that there be judgment for defendant with costs in both courts.