Eastern District.
*June*, 1830.

TOWNSLEY
AND AL.
*vs.*
SPRINGER.

*TOWNSLEY & AL vs. SPRINGER,*

Notice by mail to the indorser, must be put in the post-office the next mail day after the protest, otherwise the indorser is discharged.

APPEAL from the court of the first district.

Ante p. 122. A rehearing having been granted in this case, it was argued a second time at this term, and MARTIN, J. delivered the opinion of the court.

This is an action against the endorser of a promissory note, and the only question is the sufficiency of the protest.

Paxton, the maker of the note, deposed that at the time it was given; the defendant was clerk of the steam-boat Washington, and was so during the last year. The witness believes that at the period of the protest, neither the defendant nor the boat were in New-Orleans. She traded between New-Orleans and Louisville, and when the water permitted, to Cincinnati.

Gainnié, a clerk of the plaintiff, deposed that on Sunday the 14th of June last, at 9 o'clock in the forenoon, he put into the post office, in New-Orleans, a letter directed to

Eastern District,
*June*, 1830.

TOWNSLEY
AND AL.
*vs.*
SPRINGER.

the defendant at Louisville. A notice of the protest, directed to the defendant had been left at the plaintiff's counting house, by the notary, on the preceeding Friday, the 12th, at 11 o'clock of the forenoon. The plaintiffs received notice of the protest on Wednesday, the 10th, or Thursday the 11th. The witness knows the defendant, but not whether he was in the city at the time; the steam-boat was not in port. The defendant was the clerk of the boat, and had been employed on board of steam-boats for two years before. The letter put by the witness in the post office contained the notice of protest.

Regnaud, another clerk of the plaintiffs, deposed he accompanied the preceding witness to the post office, and believes the letter there put in for the defendant contained notice of the protest. Sunday the 14th was the first mail day for Louisville after the protest, inclosed to the defendant, had been left at the plaintiffs' counting house.

Caseau, a clerk of the post office, and a witness for the defendant, deposed that the mail for Louisville in June last, left New-Orleans on the Sunday, Wednesday and

Eastern District.
*June,* 1830.

TOWNSLEY
AND AL.
*vs.*
SPRINGER.

Friday of each week, and was closed at 10 A. M.

Tourne, a witness of the defendant, deposed that for several years past, the steamboat Washington has been laid up at Louisville during the stage of low water, for the purpose of having the necessary repairs made: the defendant has been clerk of that boat for four or five years. The letters of Byrne, to whom the witness is clerk, written to the defendant, were, during the summer season, directed to Louisville.

Gainnié, recalled, deposed he believed that in general, when steam-boats are laid up at Louisville or Shippingport, the crews and persons belonging to them are paid off and do not remain on board.

The note was protested on Wednesday the 10th. The protest is in the hand writing of the notary, except the word "Louisville," in the superscription, which is in the hand writing of one of the plaintiffs.

As the fact of the protest is the notary's certificate, that on Thursday the 12th, he gave notice of the protest to the plaintiffs, and on their request he handed them the notice for the defendant, and afterwards, on

Eastern District.
*Jnne*, 1830.

TOWNSLEY
AND AL.
*vs.*
SPRINGER.

Tuesday the 16th, at the plaintiffs' request, he forwarded notice to the defendant, directed to Cincinnati, Louisville and Frankfort.

The plaintiffs have relied on *Chitty on Bills*, (*Ed.* 1826,) 213, and authorities there cited; 12 *East*, 433; 1 *Gow*, 81; 5 *English Common Law Reports*, 471; 15 *idem*, 242; 2 *Caimes*, 227; 1 *Johnson*, 294; 1 *Peters*,583; 2 *Campbell*, 287; 2 *Peters*, 282; 6 *Martin's Reports*, 328.

Notice by mail to the indorser, must be put in the post office the next mail day after the protest, otherwise the indorser is discharged.

We are of opinion the plaintiff has failed to prove the use of due diligence in giving notice. The Friday mail ought to have been improved. It is no evidence that for four or five years, the defendant was clerk of the Washington steam-boat, which ran between New-Orleans and Louisville, and during high water, to Cincinnati. The plaintiffs, it appears, knew or believed, thatLouisville was the place to which notice was to be sent: they have not shown that they obtained this knowledge, after the departure of the Friday mail, nor that before its departure,they took any step to ascertain where notice should be sent. They cannot avail themselves of their own act, after the de-

parture of the Sunday mail, to prove from their sending notices to Frankfort, Cincinnati, &c. that they were ignorant of the defendant's residence.   This may have been an after thought.

We think that as soon as the plaintiffs received notice of the protest, it was their duty to have taken some step, if they were ignorant of the defendant's place of residence, to discover it.   Their conduct rather shows their knowledge than their ignorance of the defendant's place of residence, for they appear to have directed their notice to the proper place.  If they came to this knowledge after the departure of the Friday mail, they might have shown it. *Chitty,* 375; 3 *Johnson's cases,* 89; 3 *Campbell,* 362; 7 *Martin, n. s.* 323, 585; 11 *Martin,* 452; 10 *Martin,* 89; 7 *Martin,* 326; 12 *Wheaton,* 589; 1 *Mason,* 76; 2 *Peters,* 102; 13 *Johnson,* 432; 6 *Mass.* 386; 1 *Hugh,* 108.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment, as in the case of a non-suit, the plaintiffs pay costs in both courts.