THE COMMERCIAL BANK OF NATCHEZ *v*. THOMPSON L. KING and others.

A party to a suit is not bound to answer interrogatories propounded to him by his op-
ponent, unless ordered to do so by the court.  C. P. 348.

A document, certified by the Secretary of State of another State, under his hand and
the great seal of the State, to be a correct copy of an act of the Legislature, on file
in his office as having been approved on a particular day, is sufficiently attested.

Proof that notice of protest was deposited in the post office at seven o'clock, A. M. the
day after the protest, shows due diligence ; and it will be presumed, in the absence of
evidence to the contrary, that the notice was in time to go by the mail of that day.

Where a party has repeatedly and publicly declared himself to be a resident of a parti-
cular parish, he will not be allowed, though actually residing elsewhere, to gainsay
. his own declarations, which may have misled others.

APPEAL from the District Court of Madison, *Curry*, J.

 *Stacy*, for the plaintiffs.

*Stockton*, for the appellant.

· MORPHY, J.   This suit is brought against the maker and en-
dorsers of a promissory note for $3421 69, negotiable and payable
at the Commercial Bank of Natchez, in Mississippi.   The defen-
dants made a joint answer, in which, after admitting their signa-
tures, they expressly deny the capacity of the plaintiffs to sue, and
allege that they have long since paid the sum claimed of them.
They aver that cotton was shipped to the plaintiffs by King, the
maker of the note sued on, to pay the same, which cotton was re-
ceived by them.   They pray that the demand may be rejected ;
and attach to their answer interrogatories which they pray may be
answered by the plaintiffs.   There was a judgment below in favor
of the latter, from which, Robert Dunbar, one of the endorsers of
the note, has appealed.

The plaintiffs have not, nor were they bound to answer the in-
terrogatories propounded to them, as the defendants obtained no
order of the court requiring them to do so.   Code of Prac. art.
348.   The plea of payment set up in their answer, is so indefinite
and vague, as to manner, time and amount, that it is doubtful
whether any evidence could have been admitted under it ; but it
was not even attempted to be supported by evidence.

. A bill of exceptions was taken, on the trial, to the admission of

a document offered by the petitioners, to prove that they are incorporated as a banking institution in the State of Mississippi. The objection was, that the paper contains no part of the law of Mississippi, as it does not appear to have been approved by the Governor, or signed by the President of the Senate, or the Speaker of the House of Representatives of that State, which requisites, it is said, are necessary to constitute a law in Mississippi ; and, moreover, that the document is not declared or certified to contain any law of that State. The paper offered in evidence is certified by the Secretary of State of Mississippi, under his hand, and the great seal of that State, to be a correct and perfect copy of an act, entitled, " An Act to incorporate the Commercial Bank of Natchez," which is on file in his office, as having been approved on the 27th of February, 1836. This we hold to be satisfactory evidence that the paper contains a true transcript of a law of Mississippi, incorporating the petitioners, and giving them the right to sue under the name and style they have assumed in the premises.

On the merits, the evidence shows that the note was protested on the 19th of February, 1839, and that a written notice of such protest was placed in the post office at Natchez, the next day, at seven o'clock, A. M., directed to Robert Dunbar, at New Carthage, in Louisiana.

To this notice two objections are made :

*First.* That the plaintiffs have not shown at what hour of the day the mail leaves Natchez, or that the notice was put into the office in time to go out by that day's post.

*Second.* That the notice should have been directed and sent to Robert Dunbar, at his residence, at about one mile from Natchez, and not directed to New Carthage, in Louisiana.

I. The party has, in our opinion, shown due diligence, by depositing the notice of protest in the post office at such an early hour on the morning after the protest. We may well presume that it was placed there in time to go by the mail of that day, if there was one, as the defendant has not attempted to prove, as he might have done, that the mail left Natchez that day at an earlier hour. Bailey on Bills, p. 264. 10 Mart. 89. 1 La. 125.

II. In relation to the residence of this endorser, there is an admission in the record that, during the years 1838 and 1839, he

was, *in fact*, a resident and citizen of Adams county in Mississippi, and lived about a mile from Natchez; but that during those years, Dunbar uniformly, openly and publicly proclaimed himself to be a citizen and resident of the parish of Madison, in Louisiana, and always held himself out as such to all persons. The evidence moreover shows, that he has a plantation in the parish of Madison, about seven miles from New Carthage, which is the nearest post office; that he frequently visits the parish; that he was a member of the Police Jury of Madison in 1838, and for several successive terms; that his seat was once contested on the ground that he was not a resident of the parish, but that the Police Jury decided that he had a right to retain his seat. Without inquiring into the motives of this defendant for thus representing himself as a resident of Madison, we think that he should be bound by his repeated and public declarations on the subject, and should not be permitted to gainsay them.. They may have induced, and probably, did induce, the notary to direct the notice to him at New Carthage, in the parish of Madison.

*Judgment affirmed.*