Pabsons, C. J.
Several objections are made to the verdict in this case: That the bill does not appear to have been endorsed by the payee, because the endorsement is not made in blank, and does not direct payment to any person; and because the en- [ * 388 ] dorser’s signature is not proved. * As the payee, if he made the endorsement, expressly promises to pay the holder twenty per cent, damages, besides the principal, if the bill *317 should be dishonored, we are satisfied that the endorsement is evidence of a transfer of the bill, without naming the endorsee; and in this respect the endorsement may be considered as general, and a bona fide holder may fill it up, by inserting above the express stipulation a direction to pay the contents to his order, for value received. (1)
But the second objection is fatal. No person can maintain an action as endorsee of a bill of exchange, against the drawer or acceptor, without proving ah assignment of the bill by the payee. The plaintiff’s title to recover is as assignee of the payee ; and it is necessary that he show the assignment by proving the signature of the assignor, who is the payee, either by evidence of his handwriting, or by other sufficient evidence.
As to notice of the protest of a foreign bill, a copy of the protest should be given or offered to the drawer, or due diligence used to furnish him with this notice, before he can be charged, if, when the bill was drawn, his connection with the drawee was such as gave him a right to draw. As notice is alleged in the declaration to have been actually given, the written notice, with a copy of the protest, if left at a former dwelling of the defendant, in which neither he nor his family then resided, is not evidence of the notice stated in the declaration, although the defendant’s wife might elsewhere receive it; for it is not stated that she was empowered by her husband to receive notice of the protest of bills drawn by him. But as the defendant had been absent for several years, and had left no known agent to receive notice, had the use of due diligence been averred in the declaration, instead of notice being in fact given, the case would have shown sufficient evidence of such diligence.
On the second point, as the signature of the payee was not admitted nor proved, and as there was no evidence that he had assigned the bill, the verdict must be set aside.
* Leave was afterwards given to the plaintiff to dis- [*389] continue.

 [See True vs. Fuller, 21 Pick. 140. — Ed.]