The action being continued nisi for advisement, the opinion of the Court was delivered in Suffolk, at an adjournment of the March term in that county, by
Sewall, J.
The plaintiff having been nonsuited, with liberty to move for a new trial, the report of the evidence, upon which the nonsuit was directed, has been considered by the Court.
In the argument upon the motion for a new trial, two questions have been discussed: whether the plaintiff has entitled himself to an action in his own name, upon the endorsement and guaranty of the defendant. And whether, if so entitled, the defendant is discharged of all responsibility upon his endorsement; considering the conduct of Thompson, the former holder, and of the plaintiff, respecting the collection of this note from Fales, the promiser.
The three justices present at the argument are agreed in deciding for the defendant upon the first question; and a decision of the second question has therefore been thought unnecessary.
It is an established rule, respecting the negotiation of bills of exchange and promissory notes, that a bill, or note payable to order, is transferable only by endorsement; and what is said of a transfer by delivery, after a blank endorsement, is not inconsistent with this rule, but when explained by the usage, is entirely conformable. The usage in this particular is, that after an endorsement in blank by the payee, or any subsequent endorser, it is competent for the holder of the bill or note to make himself the immediate endorsee, and to claim by the blank endorsement. And to maintain an action upon the bill or note, the holder completes the endorsement, by writing an assignment, or order * of payment to him- [ * 482 1 self over the name of the endorser; which in the usual course of business constitutes a blank endorsement. (1)
In the case at bar, the plaintiff relies on an endorsement which is not blank in the form of it, but completed by the endorser himself. The note, with the words of the payee in his endorsement, are to be construed together as one written instrument. The special guaranty, expressed in that endorsement, is the whole ground upon which the present action against this defendant can be maintained; and the plaintiff does not rely upon any implied responsibility, resulting from an endorsement in the common form, if this endorsement, in the whole tenor of it, may be construed to be, not only a guaranty, but also a transfer and assignment of the note, which seems to have been the intention and understanding *404 of the parties, the principal objection to the title of the plaintiff remains in force. There is no name inserted of the party to be entitled by the endorsement; and if this omission might be supplied by extraneous evidence, the facts proved in the case render it certain that the present plaintiff was not the party to the guaranty or assignment, when it was made; and no evidence has been offered of any subsequent privity or assent between him and the defendant.
But the argument of the plaintiff is, that the omission of the name of the endorsee is evidence of an intention in the defendant and the other immediate party, whoever he was, to give an unlimited currency to this note, and to accompany it with the collateral promise of the payee; according to the usage and construction in ordinary cases of blank endorsements upon negotiable bills or notes. But in the case at bar there is no necessary implication to this effect, arising from the circumstance of the omission of the name of the endorsee or party to the guaranty. This may have been a mistake or accident. The negotiation was not upon the credit of the original promisor, but wholly upon the final responsi- ¡ *483 ] bility of the endorser; the ability of the promisor, * considering the whole tenor of this endorsement, remaining at his risk ; and the assignment seems to be rather a confidence for the collection of the note, than an absolute transfer of the property. The guaranty taken independently of the note, is a promise not negotiable, being conditional, and not absolute ; and connected with it, the supposition is altogether unreasonable and improbable, of an unlimited currency intended for the note itself at the risk of the endorser. (2)
The plaintiff fails, therefore, in the evidence necessary to his title, even admitting the usage cited respecting notes endorsed in blank to have any application, where the endorsement is full and restrictive, and not at all in the form of a blank endorsement, unless in the mere circumstance of omitting the name of the endorsee.
The nonsuit is confirmed, and judgment is to be entered upon it for the defendant.

 Chitty on Bills, 58, 59,101,106,117. — Doug. 633, Peacock vs. Rhodes Al. Johns. N. Y. Rep. 143, Cock vs. Fellows. —4 D. & E. 28, Mead vs. Young.

 Chitty, 88.— Com. Fig. Title Merchant, F. 16. — 8 Mod. Rep. 363, Moris, vs. Lee.