ALBANY,
Jan. 1814.

LOVELL
v.
EVERTSON.

Where a promissory note payable to order, is endorsed in blank, the holder has a right to fill it up with any name he pleases; and the person whose name is inserted, will be deemed the legal owner; and if, in fact, the endorsement in blank was intended as a transfer for the benefit of other persons, yet he would be considered as a trustee suing for the benefit of the persons having the legal interest.

Error lies from a judgment of *non-suit* in a court of common pleas, though no *costs* are awarded on the record, for the plaintiff is aggrieved by being defeated of his right of action in that suit, and to the costs of prosecuting it.

## LOVELL *against* EVERTSON.

IN ERROR, from the court of common pleas of *Orange* county. *Lovell* brought an action of *assumpsit* in the court below against *Evertson*, as the endorser of a promissory note, dated 28th *November*, 1810, made by *Robert Barnes*, for 81 dollars and 21 cents, payable to the defendant or order, ninety days after date.

The defendant pleaded *non assumpsit.* At the trial the note was produced with the name of the defendant endorsed, and was then filled up with these words; " pay the contents to *Thomas Lovell.*" The note in question, with several others, had been endorsed in blank by the defendant, and delivered to the attorney of *Thomas Lovell & Co.* merchants in *New-York*, as security for a debt due to them by the defendant, to be collected for the benefit of the said *T. Lovell & Co.* and applied towards paying the said debt. It was agreed, at the time of the transfer of the notes, that the defendant should not be called upon for payment, until all legal means had been used to recover the amount of such notes from the makers. The note in question not being paid, a suit was brought against the maker and a judgment recovered against him, on which a *fi. fa.* was issued, and afterwards a *ca. sa.* on which being taken in custody, the maker afterwards obtained his discharge under the insolvent act, so that nothing had been collected from him; and a suit was afterwards brought in the name of the plaintiff against the defendant.

It was contended by the plaintiff's counsel, at the trial, that the interest in the note was in *Thomas Lovell & Co.* at and from the commencement of the suit.

The defendant's counsel moved for a nonsuit, on the ground that as the note was endorsed and delivered for the benefit of *Thomas Lovell & Co.* and was so endorsed after it was due, it was not competent to the plaintiff alone to sustain the action; and that no action could be maintained for the benefit of *T. Lovell & Co.* on these endorsements, unless it was brought in the names of *T. Lovell* and his partner or partners.

The court below, therefore, nonsuited the plaintiff. A bill of exceptions was tendered, and a writ of error brought thereon to this court.

*D. Ruggles*, for the plaintiff in error, was stopped by the court.

*Story*, contra, contended, 1. That the action ought to have been in the name of *Lovell* and his partners; 2. That by giving time of payment to the principal, the defendant, as endorser, was discharged; 3. That the plaintiff below having voluntarily submitted to a nonsuit, and there being no judgment for costs, no error would lie on the judgment. The defendant did not ask for a nonsuit, but the plaintiff suffered himself to be nonsuited, and he cannot now get rid of the judgment.*

*1 *H. Black.* 452. 4 *Term Rep.* 436. 2 *Johns. Rep.* 3.

*Per Curiam.* The court below erred in nonsuiting the plaintiff, for the note being endorsed in blank, the owner had a right to fill it up with what name he pleased, and the person whose name was so inserted, would be deemed, on record, as the legal owner, and if not so in fact, he could sue as trustee for the persons having the real interest. But the defendant could have no concern with that question. He was responsible to the person whose name was so inserted in the blank endorsement. This is a plain and settled rule, and a decision to this effect was made in the court of errors in 1800, in the case of *Cooper* v. *Kerr.* It is also settled that error will lie on a judgment of nonsuit; (*Willson* v. *Foree*, 6 *Johns. Rep.* 110.) and though there be no *costs* awarded upon the record in this case against the plaintiff, who was nonsuited, yet he was aggrieved by being defeated of his right of action in that suit, and of his costs for prosecuting the same. If illegally nonsuited, the judgment of nonsuit ought to be reversed, and the plaintiff reinstated in the cause in court.

Judgment reversed.