## MARR *vs.* PLUMMER.

Where a note was indorsed and delivered to one person, for the use of another who was absent, the indorsee paying no consideration for the transfer; and an action was commenced against the maker, the indorsee being still absent, and having no knowledge of the facts;—but after his return he supported the suit, and claimed the note as his own;—it was holden that this subsequent assent was a ratification of the prior transactions; and that the objection that the plaintiff had no interest in the note, at the commencement of the suit, could not be sustained.

*Assumpsit* by the indorsee against the maker of a promissory note, dated *May* 26, 1818, payable to *James Marr*, the father of the plaintiff, or his order, in three years from the date with interest.

It appeared at the trial of this action before *Weston J.* that soon after the note was dated it was indorsed by the payee in

blank, and delivered to *R. W.* to secure a debt due to the pro-
prietors of the Kennebec purchase;—that soon after the note
became due, the debt for which it was pledged having been other-
wise adjusted, the wife of the payee, he being absent, and having
authorized her to act for him in his absence, particularly in refer-
ence to this note, sent for the note, having a written order from
her husband therefor, and directed a suit to be brought upon it in
the name of her son the plaintiff, who also was then absent, hav-
ing no knowledge at that time of what was done;—but on his return
he supported the suit, and was present at the trial, claiming title
to the note.   The suit was commenced soon after the plaintiff
attained the age of twenty-one years, and it did not appear that he
had paid his father any consideration for the transfer of the note.
It was also proved that the payee was in embarrassed circum-
stances, and that he had conveyed to the plaintiff other property
to a considerable amount.

The claim of the plaintiff was resisted on two grounds;—first,
that the note was obtained originally by fraud; to which point evi-
dence was offered, but the jury found it for the plaintiff;—second,
that at the commencement of the suit the plaintiff had no legal
title to the note, and the action was brought without his direction
or knowledge.

But the Judge ruled, and so instructed the jury, that the plain-
tiff having ratified and approved the act of his attorney, the
note having been delivered to the latter indorsed in blank, and the
suit directed in the name of the plaintiff, by the agent of the holder
and proprietor, the plaintiff avowing the suit, and claiming an
interest in the note, he had made out a sufficient title thereto, to
authorize him to sustain the action in his own name.   A verdict
was thereupon returned for the plaintiff, which was taken subject
to the opinion of the whole Court upon the correctness of the
Judge's instructions to the jury.

*Stebbins*, for the defendant, contended that when the action
was commenced, the plaintiff had no interest in the note, and so no
cause of action; and there is no honest reason to be given why a
party should be permitted to sue in another's name, when the
case would admit a suit in his own.   A transfer is a contract; to

which it is essential that there should be *parties*, and a *delivery* of the thing sold. Yet here, the son was absent in a distant region, having no knowledge of the transaction, paying no consideration whatever, and having no agent, general or special, to act for him. Can he thus be made the owner of the note without his knowledge or consent, and this, too, by *contract*? No delivery having been made to the plaintiff, the note was never *transferred* to him. *Chitty on Bills*, 91, 116. *Grant v. Vaughan* 3 *Burr.* 1516. If the *bearer* of a note, which he did not fairly come by, can sustain no action upon it; neither can an indorsee, in circumstances like the present. *Miller v. Race* 1 *Burr.* 460. *Hilton's case* 2 *Show.* 235. *Bowman v. Wood* 15 *Mass.* 534.—To cause a suit to be instituted in the name of a person having no interest in the demand, is by our law an indictable offence; and such was this suit when commenced. The plaintiff's claim therefore originates *ex turpi*, and it is against the policy of the law to enforce it.

*R. Williams*, for the plaintiff, answered that it was enough if the person holding a note had power to discharge it. It is not material whether the plaintiff held the note absolutely, or in trust; —if he could discharge the maker it was sufficient. And this any one may do, who becomes possessed of a negotiable note without fraud. *Little v. O'Brien* 9 *Mass.* 423. The indorsee is never required to shew a consideration for the indorsement. 3 *Cranch* 208.

MELLEN C. J. delivered the opinion of the Court at the ensuing term at *Augusta.*

By the report it appears that the note in question was duly indorsed by the payee in blank, and afterwards put in suit in the name of the plaintiff, by the special direction of the authorized agent of the payee;—and that though the plaintiff was absent when the action was commenced, he was present when it was tried,—maintaining it in person, and claiming an interest in the note. It is urged that the note was never *delivered* to the plaintiff, and so no interest vested in him prior to the commencement of the action. A *formal* delivery was not necessary. It is true

the suit was instituted without the plaintiff's knowledge; but there is no proof that it was done with any corrupt or improper motive; and as the plaintiff pursued the action, claiming the benefit of it, this sanctions it from the beginning, and it therefore is not open to objection by the defendant on this account.

We do not perceive any weight in the circumstance of the payee's embarrassment, or the want of proof of the plaintiff's having paid a full consideration for it. In an action founded on a note payable to bearer, the plaintiff is not holden, except in suspicious cases, to prove how he came to the possession of it. The possession and production of it in court, is *prima facie* proof of his title to it. *Chitty on Bills*, 51. In an action by an indorsee against the maker of a promissory note, the plaintiff has only to prove the handwriting of the promissor, when formally denied, and the handwriting of the indorser. On these facts he is entitled to recover, without proving or even alleging in the declaration that the indorsement was made for a valuable consideration. This is a fact of no importance to the maker, unless he has a defence which would be good as between him and the promissor only, and not against an indorsee for a valuable consideration, without notice. See *Little v. O'Brien* 9 *Mass.* 423. 3 *Cranch* 208. *Chitty on Bills* 51, 59, 60, 63. 175 *in notis*. *Tyler v. Binney* 7 *Mass.* 479. *Bowman v. Wood* 15 *Mass.* 534. *Lovell v. Everton* 11 *Johns.* 52.

It seems that the defendant was permitted to introduce proof for the purpose of impeaching the note on the alleged ground of fraud, as fully as though the action had been in the name of the original promissee; but he failed in the attempt. After this we do not perceive any reason for him to complain. The judgment in this action will protect him against any other on the note; and the plaintiff's discharge of the judgment will be good and effectual. The motion to set aside the verdict is overruled, and there must be judgment thereon for the plaintiff.