■Green, J.
delivered the opinion of the court.
The defendant is the payee of a note, executed by John Webb, which he endorsed to the plaintiff. The endorsement was in blank, and it was filled up by the plaintiff, waiving demand and notice. It was proved, that the defendant told the plaintiff he might fill up the endorsement in any way he saw proper. The court told the jury, that if the parties had an understanding or agreement that the plaintiff should fill up the endorsement, waiving demand and notice, the defendant would be bound by it; but that, in the absence of such evidence, the plaintiff could only fill up the endorsement with an ordinary assignment of the legal interest. The jury afterwards came into court and enquired whether, if the defendant said the plaintiff might fill up the endorsement in any way he thought proper, would that authorize him to fill it up waiving demand *97 and notice. The court said, that such expressions of a party at the time of making a blank endorsement, would only authorize him to fill it up so as to assign the legal interest.
In this charge there is no error. The contract which is made by the mere endorsement of negotiable paper, and that which was filled up over the name of the defendant in this case, are very different. The blank endorsement would only authorize the holder to fill up the assignment, passing the legal interest to whomsoever he might think proper. Unless the party to whom a note is transferred by blank endorsement be authorized by the agreement of the endorser to insert in the assignment, that demand and notice are waived, he cannot so fill it up. The authority which the law implies, is only a right to fill up the assignment, transferring the legal interest in the paper to whomsoever he pleases. If it is desired that the assignment shall contain any other agreement than the law implies, it must be shown that the endorser authorized such agreement to be inserted.
It is insisted for the plaintiff, that the expression of Lamb to Kimbro, that he might “fill up the endorsement in any way he thought proper,” gave Kimbro a right to fill it up waiving demand and notice. We think the opinion of the circuit court is correct upon this point.' The express authority here given, is only that which the law implies, and nearly in the language laid down by Chitty. It means only that the holder may use any form of language, in the assignment of the paper to any person he may choose to name as endorsee. But it is insisted that the court charged the jury upon the facts, as well as the law of the case, and that this was error. We do not understand this charge in the least degree trenching upon the province of the jury. The jury enquired whether, if certain words were used by the defendant, they would convey to the plaintiff authority to insert, in this assignment, the contract waiving demand and notice. Here was a fact found by a jury, or hypothetically assumed to exist. The remarks of the Judge, in reply, taking the fact as stated by the jury, indicate his opinion as to whether the words used do, in law, constitute an agreement of the defendant that the plaintiff may write over his sig *98 nature any special contract he may think proper. They were confined strictly to that legal proposition. If the jury had found, that by the use of these words, Lamb intended to convey the authority to Kimbro to fill up the endorsement waiving demand and notice, the previous charge of the court had indicated that he would be bound, and that they must find for the plaintiff. But they propound no such proposition. They ask, whether the words used by Lamb, per se, authorized Kimbro to write the special contract over his name. And we think the court answered correctly, that they would not. If the authority existed, to insert in the. assignment the words “waiving demand and notice,” we do not perceive but that, upon the same authority, he might not have coupled with the assignment ^any other contract he might have wished. But such unlimited authority is not contended for, and certainly was not conferred.
Let the judgment be affirmed.
.Note. — An endorsement which mentions the name of the person in whose favor it is made, is called an endorsement in full; aud an endorsement which does not, is called an endorsement in blank. Chitty on Bills, 252.
An endorsement in blank is made by the mere writing of the endorser's name on the back of the bill or note, and constitutes, in itself, a complete and perfect transfer of the interest in the bill or note, and gives the right of action to any bona fide holder. Chitty on Bills, 252.
Where a negotiable note is.endorsed in blank, the holder may fill it up with any name he pleases, and the person whose name is inserted will be deemed rightfully entitled to sue. 7 Mass. 479; 11 John. 52; 6 Coner. 449; 3 Wheat. 173, 183; 18 John. 230; 2 Humphreys.