Johh J. White, special Judge,
delivered the opinion of the court.
This is an action upon the case, brought by Sanders Faris against Edmund Dyer, and James' F: Green administrator of Thomas Green, deceased, upon a note for $110, executed by Edmund Dyer to Thomas Green, dated the 11th July, 1840, and payable four months after date,' at the Branch of the Planters’ Bank of Tennessee, at Winchester. The declaration is in the common form against the maker and endorser of a' promissory note.
The defendant, Green, pleads, that at the time the note became due and. payable, the same was held, by the Planters’ Bank of Tennessee, to whom it had been regularly assigned and delivered at the Branch of the Bank at Winchester; that the defendant being.an accommodation endprser on the note, did on the 5th of November, 1840, and after the note became due and payable, give notice in writing to the Bank, to put the note in suit forthwith, but that neither the Bank, or Brazleton, or Faris, did put the said note in suit against the said Edmund *378 Dyer, as required, within thirty days after the notice was given.
To this the plaintiff replies, that the note was not at the time notice was given to the Bank regularly assigned and delivered to the Bank, as the owner thereof, but was merely endorsed in blank, and deposited in the Bank for collection.
To this replication there is a demurrer, which was sustained by the court below, and judgment given for the defendants, from which the plaintiff prosecuted an appeal in error to this court.
This case involves the construction of the act bf 1801, ch. 18, sec. 3, (N. & 0. 652,) Which is in these Words: “It shall be lawful for the assignor of assignors of such bonds, covenants-, bills and notes as aforesaid, his, her, or their executors or administrators, whenever he or they may apprehend that the original drawer or drawers of such instruments of writing as aforesaid, are likely to become insolvent, or migrate and leave the State, to require, by notice in Writing 'as aforesaid, the assignee or assignees, his her, or their executors or administrators, forthwith to put such bond, covenant, bill or note as aforesaid, in suit against the drawer or drawers, provided the same shall be due and payable, and unless the assignee or assignees, his, her, or their executors or administrators, So required to put such bond, covenant, bill ór note, in suit, shall, within thirty days after such notice aforesaid, commence an action thereon, and proceed as securities are directed in thfe first section -of this act, against their principal, 'the assignee or assignees of such instrument of writing as aforesaid, shall thereby forfeit the right, which he or they would otherwise have to demand or receive of such assignor or assignors the amount which may be due by such bond, covenant, bill, or note.”
It is contended for the plaintiff in error, that the language here used, is not broad enough to embrace the case of an endorsement of negotiable paper. We think differently. It is •true, the term “assignor” is. used instead -of “endorser,” but evidently as of the same import, meaning the party liable in consequence of his name being upon the back of the instrument. Besides, this is warranted by high authority. Chitty in reference to a bill of exchange, speaks of its' assignable -quality. *379 And, again, that it may be assigned so as to vest the legal, as well as equitable interest therein, in the endorsee or assignee, and to entitle him to sue thereon in his own name. Chitty on Bills, 6, 7. Green the first endorser, who is primarily liable, and who wishes to protect himself and his intestate’s estate, gives the notice.
The next enquiry, then, is, to whom is notice to be given? It is to the assignee of such bonds, covenants, bills, or notes, his, her, or their executors or administrators. And the question now is, who, in the law, was the assignee of this note at the time the notice was given by Green. The replication admits, that the Bank at that time was the holder of the note; that it had been endorsed in blank; but at the same time alleges,- that it had not been regularly assigned and delivered to the Bank as the owner thereof, but deposited there for collection.
Do not these facts constitute the Bank the assignee, and throw upon it the responsibilities of that relation, whether it was beneficially interested in the note or not? In Chitty on Bills, 155, (9th American Edition,) it is said, that an endorsement in blank, “is sufficient to transfer the right of action, to any bona fide holder.” And, again: “it is settled, that such an endorsement, in itself, constitutes a complete and perfect transfer of the interest in the bill, and without the addition of any other words, will vest the right of action, and all other rights in the transferree and the subsequent holders.”
When a negotiable note is endorsed in blank, the holder may fill it up with any name he pleases, and the person whose name is inserted, will be deemed rightfully entitled to sue. Tyler vs. Binney, 7 Mass. Rep. 479; Lovell vs. Everton, 11 John. 52; Chitty, 257, note 1. The holder of a negotiable note, by blank endorsement, may maintain a suit, on it, without filling up the same to himself. Chitty, same page and note. It is considered, therefore, that the Bank was, in the law, the assignee of the note at the time notice was given by Green.
Suppose the note had been met at maturity, or if not, had been subsequently paid to the Bank, while it has the note in its possession, no one would question the legal right of the Bank to receive the money, although it might afterwards be required *380 to pay it to the individual from whom it had received the note. And if the Bank would have the right to. receive the money, subsequently to its falling due, no good reason can be perceived why other responsibilities should not be attached to it, which grow out of the relation of being holder of the paper.
It would operate as a fraud upon the endorser to be told, after he had given notice to the party, who was the holder and as-signee of the note, to sue. that the same was merely deposited with him, and endorsed to him for collection, but that in point of fact, he had no interest in it, and, therefore, that the notice could not properly be given to him, but should be given to some other individual who was entitled to the money, living perhaps in Philadelphia or New York, whom that endorser had never séen, and of whom he knew nothing. A satisfactory reply to him would be, that that is a matter between yourselves, with which I have nothing to do. You are entitled to receive the money, for what purpose it is not mybusiness to enquire. You admit the note was deposited with'you for collection; the law, therefore, throws upon you the necessity of using those means which are necessary to collect the money from the principal; and if by any arrangement between you and your immediate assignor, he upon a given event, the money not being paid, is to take it up, and again become the holder of the paper, you can give information, so that he may proceed against the maker according to the requisition of. the notice; and if you do not give him this information, or he does not choose to act upon it when received, the consequences are upon your own heads, and you must suffer for your laches,
It is contended, that the Bank had no authority to sue upon the note, it being merely an agent for a specific purpose. From what has been before said, this position is regarded as untenable. But even if sound, it will not affect the argument. The important requisition of the statute is, that upon notice being given, the note shall be put in suit, within thirty days against the drawer, whether in the name of the Bank, or the party entitled to the money, is not material. It is no hardship to the Bank, for if the Bank does not choose to sue, it can inform its principal, and if the principal fail to sue within the time speci *381 fied, the assignor who has given the notice is, and ought to be discharged. Again, if the Bank should be regarded merely as the agent of the assignee, still being in possession of the note by authority of its principal, and for the purpose of collection, when the notice was given, it is believed, that notice to- the agent in such a case would be notice to the principal, and he would be bound by it.
Let the judgment be affirmed.