Mr. Justice Thacher
delivered the opinion of the court.
Upon an agreed case, the circuit court of Adams county gave judgment in favor of the defendant below in an action upon a bill of exchange, on which he was indorser. The bill Avas drawn by Sprague & Howell, in Natchez, Mississippi, on Joseph Hoxie & Co., of the city of New York, in favor of Noah Barlow, and indorsed by him, and by the defendant, Hubbard Emerson, and by Thomas Henderson, cashier, &c. Neither Thomas Henderson, the last indorser, nor the bank of which he Avas cashier, ever had any interest in the bill, but it had been purchased by him, in his capacity of agent of the plaintiff in error, and indorsed by him only because such indorsement *189 was necessary to convey a legal title in it. The bill was duly protested for non-acceptance on the 17th day of February, 1837, and the notary, not knowing the residence of the drawers and indorsers, and it not appearing on the bill, inclosed notices of protest for them in a notice to Henderson, cashier, &c. directed to Natchez, Miss., and deposited them in the post-office in New York on the 18th day of February, 1837, before the closing of the southern mail of that day. The New York mail for the south of that 18th day of February, left that city at five o’clock, P. M., and arrived in Natchez on the 3d day of March following; and the letters of that mail were prepared for delivery at the post-office in Natchez, the same day. The letters addressed to Thomas Henderson, cashier, &c., were always placed in a box that the bank, of which he was cashier, had in the Natchez post-office, and it was the invariable custom of the bank to send daily to the post-office for letters. On the 6th day of March, 1837, Henderson delivered a clerk a notice of protest directed to the defendant, Emerson, which was inclosed in a notice of protest of the same note, and which was addressed to himself, and post-marked New York, February 18th, who delivered it to the defendant. It was also agreed that the defendant resided with his family in Massachusetts, and that his post-office in that state was South Reading, distant by mail route from New York, in point of time, thirty-four hours, but that he was in the annual habit of visiting Natchez in the autumn, and returning home in the spring, and that when absent from his residence in Massachusetts, he left there an agent fully authorized to conduct his business, and to receive his letters, and when absent from Natchez he also left there an agent to conduct his business. He was also well known in New York, and by inquiries at certain public places, his residence could have been ascertained.
The question in this case is whether due notice has been given to the indorser of the non-acceptance of the bill. The declaration states that notice was duly given to the defendant, the indorser, and when such is the averment in the declaration, legal notice, which implies notice in due time, must be proved. *190 Blakely v. Grant, 6 Mass. R. 386. Not admitting that it was proper to have sent the notices inclosed to Henderson for their transmission by him, the facts of the case show that there is not proof strict enough that he sent notice seasonably to the indorser, Emerson. The New York mail of the 18th day of February, arrived in Natchez on the 3d day of March ; the notice to Henderson, inclosing the notices to the drawers and indorsers, was post-marked New York, February 18th, and the letters of Henderson were called for at the Natchez post-office daily. The strong presumption, from all these circumstances is, that Henderson received the notice on the 3d day of March, in which event, notice to Emerson on the 4th day of March was the latest period when it would have been binding on him. Fortner v. Parham and Gibson, 2 S. & M. 163. The giving notice to an indorser is an affirmative fact to be proved by a plaintiff. The rule in Downs v. Planters Bank, 1 S. & M. 277, declares that it devolves on the holder to prove that he has performed the conditions precedent, before he can compel the indorser to perform his contract. It was, then, necessary for the plaintiff in this case to have shown by Henderson or others the precise time when he did receive the notices for transmission. This should have been affirmatively shown. The fact of due notice cannot be left to inference or presumption. Chitty on Bills, 10th ed. 479. But, on the other hand, the fairest inference from the whole testimony leads to the belief that Henderson received the notices on the 3d day of March. The transmission to Emerson on the 6th day of March was, therefore, too late to bind him.
The judgment of the court below is affirmed.