HORATIO N. TUTTLE *vs.* WYLLIS BARTHOLOMEW.

B. made a promissory note payable to S. or order, and S. and T. signed their names to these words written on the back thereof: "We guaranty the payment of this note." *Held,* that this was not such an indorsement as authorized the holder of the note to sue upon it as indorsee.

THE plaintiff sued as indorsee of the note which follows . " Salisbury, May 1st 1843. For value received, I promise Peter Snyder, to pay him or order five hundred dollars on demand. Wyllis Bartholomew." On the back of this note was the following : " May 4th 1843. This note is indorsed down, by this indorsement, so as to leave one hundred and seventy five dollars, to be paid in one year from date, without interest.

Frederick Plumb,   ⎫ Arbitra-
Wm. S. Russell,    ⎬ tors.
Elipht. Whittlesey, ⎭

" We guaranty the payment of this note, April 5 1844.
Peter Snyder,
Samuel Blodget."

At the trial in the court of common pleas, before *Wells*, C J. the defendant objected, that the note was not indorsed,

and that the plaintiff could not bring this action in his own name, as indorsee. But the judge ruled otherwise.

The defendant then introduced the deposition of Frederick Plumb, to show that the defendant and Peter Snyder, the payee of the note, had submitted to the deponent and to William S. Russell and Eliphalet Whittlesey, as arbitrators, to decide how much should be paid thereon by the defendant, with authority to indorse thereon such sum, if any, as ought to be deducted therefrom. And the defendant contended that the arbitrators, by making the note payable in one year, (as by their entry on the back thereof,) had exceeded their authority; that said note and said award were invalid and void, and that the plaintiff had no right to recover on the note. But the judge ruled otherwise. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions to the judge's rulings.

*Sumner*, for the defendant.

*Bishop & Palmer*, for the plaintiff.

Dewey, J. The objection to the right of the plaintiff to maintain this action as indorsee of the note, for want of a proper indorsement by the payee, presents a question of difficulty, and one on which there are conflicting adjudications. In *Tyler v. Binney*, 7 Mass. 479, it seems to have been directly held that a mere guaranty of the payment of the note, in terms like the present, could not be treated as an indorsement in blank, transferring the note to any *bona fide* holder, and authorizing him to commence an action in his own name, as indorsee. The ground of that decision seems to be, that in the case of a blank indorsement, by usage and well settled rules of law applicable to negotiable paper, it is competent for the holder of the note to make himself the indorsee, by filling up the blank indorsement, by proper words to that effect. But when the name of the payee is not indorsed in blank, but is annexed to a guaranty, the purpose of the signature is said to be expressed, and there can be no implication that the purpose was to transfer the note as indorser generally. Another objection sanctioned by the court in that case was, that

theie was no name inserted, in the writing signed by the payee, of the party to be entitled to hold by the indorsement; which objection also exists here.

A different view of this question seems to have been taken in the case of *Blakely* v. *Grant,* 6 Mass. 386, which was an action upon a bill of exchange. This case was decided a year previous to that of *Tyler* v. *Binney,* but does not appear to have been referred to in the argument or decision of the latter case. In the case of *Blakely* v. *Grant,* it was held that a signature of the payee to the following words, "should the within exchange not be accepted and paid agreeably to its contents, I hereby engage to pay the holder, in addition to the principal, twenty per cent. damages," might operate as a transfer of the bill of exchange, and that the indorsement was good, though no person was named as indorsee; and that a *bona fide* holder might insert, above such stipulation, a direction to pay the contents to his order.

In *Upham* v. *Prince,* 12 Mass. 14, the payee, having signed a guaranty of the note, expressed to be such, was held liable to the holder of the note, as upon a common indorsement. The principle of this decision seems necessarily to be, that the note was duly transferred by the signature of the payee to the guaranty.

In a more recent case, *True* v. *Fuller,* 21 Pick. 140, the construction of a guaranty by a third person, written upon the back of a negotiable note, which was also indorsed in blank by the payee, was, that such guaranty was not negotiable; that being complete in itself, it could not be altered so as to convert it into a general indorsement. That case, however, differs from the case at bar, in this, that the guaranty was signed by a third person, and not by the original promisee; and the suit was brought by the holder against the guarantor, and not against the maker of the note. Perhaps little more is to be derived from that case, than the general principle therein stated, that an instrument filled up and complete in itself, cannot be altered by striking out or inserting words that will make it a general indorsement.

The present case presents all the objections that were stated in the case of *Tyler* v. *Binney,* which we are inclined to adopt as the better opinion, and which were there held fatal to the maintenance of the action; with this additional one, which we think of great weight, viz. that the guaranty in the present case is a joint guaranty of Peter Snyder, the payee, and Samuel Blodget. This is a joint, and not a joint and several guaranty. How can it be transformed into a general indorsement by Snyder? The contract or instrument, signed by Snyder and Blodget, is not only filled up, and complete in itself, but it is obviously intended as a stipulation to which the names of both these persons may properly be subscribed. But a general indorsement of this note could only be made, in the first instance, by Snyder, the promisee. In this Blodget could not join. We are satisfied that no other effect can be given to this writing than that of a joint guaranty, and that this note was not transferred thereby, as by a general indorsement in blank, by the promisee. This objection is therefore fatal to the action.

Without particularly considering the other point, as to the authority of the arbitrators to alter the time of the payment of the note, (which we think an objection of some weight,) for the reasons already stated, a new trial will be granted in this court.