## NELLIS *vs.* TUCKER.

Where a plaintiff, in a justice's court, is about to be nonsuited, the defendant cannot prevent the review of the judgment on *certiorari*, by waiving his right to costs and asking to have the judgment entered without costs.

ERROR to the Oneida common pleas. Tucker sued Nellis before a justice, and the only witness which he offered to prove the case on his part being rejected on the ground of interest, the justice decided that he should be nonsuited. The defendant said he did not wish to have costs awarded in his favor, but the plaintiff insisted that the judgment should be with costs, in order that he might have the question reviewed, and so the justice decided. Judgment was accordingly rendered against the plaintiff for costs. On *certiorari* it was reversed by the common pleas, and the plaintiff brought error.

*W. O. Merrill*, for the plaintiff in error.

*Flandrau & Morehouse*, for the defendant in error.

Nellis v. Tucker.

*By the Court*, McKissock, J.　The plaintiff in error insists that the defendant should be treated as he would have been if the judgment had been without costs—as it was his own fault that it was rendered against him in its present shape—and therefore that the court of common pleas should not have reversed the judgment.　To establish that position he cites *Monell* v. *Weller*, (2 *John.* 8,) and *Potter* v. *Smith*, (14 *id.* 444.)　In the first of those cases the judgment in the court below was without costs, and the court remarked, that though the plaintiff had been improperly nonsuited, still they could not restore him to his rights.　They said it was a mere strife for costs here, and that the judgment was imperfect, neither capable of reversal or affirmance, and therefore they would not interfere.　But afterwards this court, in *Lovell* v. *Evertson*, (11 *John.* 52), which was in all respects like *Monell* v. *Weller*, except that it came originally from the court of common pleas, reversed the judgment, giving as a reason that the plaintiff was " aggrieved by being defeated of his right of action in that suit and of his costs in prosecuting the same."　In the case of *Potter* v. *Smith*, above mentioned, the defendant in error plead to the assignment of errors an accord and satisfaction of the judgment, and it was held good, as there could be no inducement but the costs, to prosecute the writ of error.　On the contrary there was here in the court below a regular and valid judgment in full force, capable of being reversed or affirmed, and just such an one as by law is required to be given where the plaintiff is nonsuited.　(2 *R. S.* 246, § 119.)

It then comes to this : Is a plaintiff, improperly ejected from court and deprived of a recovery in the suit, without redress, provided the defendant for the very purpose of rendering him remediless remit in the judgment the costs which he is entitled to recover against the plaintiff for being nonsuited ?　I think the simple statement of the proposition suggests the answer.　The judgment of the court of common pleas must be affirmed.

Judgment affirmed.