LEVI COUNTRYMAN, RESPONDENT, v. JOHN H. LIGHT-
HILL, APPELLANT.

*Branches overhanging an adjoining lot — when not a nuisance, per se — remedy of
the owner — when an erroneous judgment for nominal damages will be reversed.*

The fact that the branches of a tree not poisonous or noxious in its nature over-
hang from five to fifteen feet the land of an adjoining owner does not, *per se,*
render such branches a nuisance, so as to authorize such adjoining owner to
maintain an action for damages, in the absence of proof that real and sensible
damages have resulted therefrom.

The adjoining owner may in such a case clip the overhanging branches, especially
if the owner of the tree refuses to do so when requested.

Although a judgment of a Justice's Court for nominal damages only, will not in
some cases be reversed by the County Court, though it is erroneous, yet this
rule does not apply to an erroneous judgment in favor of one whose suit was
both vexatious and groundless.

APPEAL from a judgment of the Herkimer County Court affirm-
ing a justice's judgment in favor of the plaintiff for six cents
damages.

Action on the case to recover damages resulting from a nuisance.
The plaintiff occupied lands adjoining those occupied by the
defendant. The complaint alleged that the defendant had standing
on his premises a maple tree near the boundary line, the branches
of which hung over the plaintiff's premises from five to fifteen feet,
and in consequence thereof damaged his garden, and that the
defendant refused to trim said tree on being requested by plaintiff
to do so. The defendant demurred to the complaint on the ground
that it did not state facts sufficient to constitute a cause of action,
and the justice overruled the demurrer. The only testimony in
the case was given by the plaintiff as a witness in his own behalf,
and is stated in the justice's return as follows: " He," plaintiff,
" occupies premises in Stark, where he resides; defendant has a
maple tree near the plaintiff's line on defendant's premises; is three
or four feet from the line; plaintiff has berry bushes on his side of
the line; branches have been hanging over from said maple tree
from ten to fifteen feet; previous to the commencement of this
action defendant asked me when I was going to trim my trees on

my side of the line. I told him just as soon as he trimmed his; he said he didn't know that he had any to trim; I told him if he had none to trim I had none; he said that if I didn't trim them that day he would trim them for me; I told him he had no business with them, that I was capable of trimming my own trees; that same day I went away; when I came back the plum trees of defendant were trimmed; I told him I wanted him to trim that maple tree; defendant said he would not trim it, if I wanted it trimmed I should trim it myself; I told him no reason why I wanted that tree trimmed; since the commencement of the action he trimmed the tree; plaintiff has berry bushes that the shade does not affect from said tree; plaintiff thinks there is a difference in the berry bushes of those in the shade."

No opinion was delivered by the county judge, but in a letter written by him to the defendant's attorney, which appears in the case, he stated that there being no important right affected by the judgment, and it being only for nominal damages, he thought it his duty, under the decisions, to affirm the judgment.

*H. J. Sanson* and *J. E. Dewey*, for the appellant.

*Geo. W. Smith*, for the respondent.

SMITH, J.:

We are not aware of a precedent for this action, and, upon principle, we think it ought not to be sustained. The rule is well stated in *Scott* v. *Firth* (4 Fost. & Fin., 349; S. C., 10 L. T. [N. S.], 240), that to constitute a case of nuisance — *i. e.*, of actionable wrong — there must be not merely a nominal, but such a sensible and real damage as a sensible person if subjected to it would find injurious, regard being had to the situation and mode of occupation of the property. What is a real and sensible inconvenience if in one place, would be none if in another." In *Crowhurst* v. *Amersham Burial Board* (39 L. T., 355; S. C., 18 Alb. L. J., 515), the defendant having planted on its own ground yew trees, noxious and poisonous to horses, so near to a neighbor's lot that his horse while feeding therein cropped the overhanging branches and died of the poison contained in what he ate, the defendant was

held liable solely on the ground that the trees were poisonous. But it would be intolerable to give an action in the case of an innoxious tree whenever its growing branches extend so far as to pass beyond the boundary line and overhang a neighbor's soil. The neighbor has a remedy in such case by clipping the overhanging branches, especially if the owner of the tree refuses to do it on being requested. (Gale & Whately on Easements [ed. 1840], 210, 211; 20 Vin. Ab., 417, tit. "Trees" E.; Washb. Easements [2d ed.], 677; Add. on Torts, 289, 290, § 266; *Crowhurst* v. *Am. Burial Board, supra.*)

The overhanging branches of a tree, not poisonous or noxious in its nature, are not a nuisance, *per se*, in such a sense as to sustain an action for damages. Some real, sensible damage must be shown to result therefrom. The complaint in this case alleged that in consequence of the overhanging limbs the plaintiff's garden was damaged. That was not a necessary result, and in what way it was produced was not alleged. The only proof on the subject was, that plaintiff had berry bushes on his side of the line, and he thought there was a difference between those in the shade and those that were not. What the difference was — whether the shaded bushes were injured or benefited by the shade — does not appear. The action was misconceived, and the justice erred in rendering judgment for the plaintiff.

The County Court seems to have supposed that as the judgment was for nominal damages only, it was not to be reversed, although erroneous. There are cases originating in Justices' Courts in which the appellate courts have refused to grant the plaintiffs new trials for error, or to reverse wrong judgments against them where only nominal damages could be recovered and the suits were vexatious. (*Stephens* v. *Wider*, 32 N. Y., 351, and cases cited; *Terry* v. *Dudley*, vol. 11, The Reporter, 306.) But even in such case a plaintiff may have a new trial or reverse an erroneous judgment, where a principle, or a right, or its extent is involved, although he is entitled to only nominal damages and the suit is vexatious. (*Herrick* v. *Stover*, 5 Wend., 580, 586; *Hyatt* v. *Wood*, 3 Johns., 239; *Dixon* v. *Clow*, 24 Wend., 188.) So an erroneous nonsuit will be reversed, although the plaintiff may sue again (*Smith* v. *Sutts*, 2 Johns., 9; *Wilson* v. *Foree*, 6 id., 111; *Schemerhorn* v. *Jenkins*,

7 id., 373), even if no costs were awarded. (*Lovell* v. *Evertson*, 11 Johns., 52; *Elwell* v. *McQueen*, 10 Wend., 519, 523; *Barthelemy* v. *People*, 2 Hill, 255, note *a*; *Nellis* v. *Tucker*, 5 Den., 82.) But we do not know of a case holding that an erroneous judgment in favor of one whose suit was both vexatious and groundless, should be affirmed because the recovery was only for nominal damages. (*See Porter* v. *Cobb*, 22 Hun, 278.)

The judgment of the County Court and that of the justice are reversed.

TALCOTT, P. J., and HARDIN, J., concurred.

So ordered.