McCORMICK v. LUNDBURG *et al.*

1. **Appeal**: TRIAL DE NOVO: ACTION AT LAW INVOLVED IN EQUITABLE ACTION. Where an action was begun in equity to cancel a note and mortgage, but a third party intervened, claiming that the plaintiff owed the note and mortgage, and that it (the intervenor), and not the defendant, was entitled to the proceeds, and by stipulation it was agreed that plaintiff should pay a certain amount to the intervenor, and that it should pay the defendant whatever amount the court found due him, and the question thus arising between the defendant and intervenor was tried by the court without a jury, *held* that a trial *de novo* of that question could not be had in this court, though the cause was not transferred from the equity to the law side of the calendar.

2. **Promissory Note**: PROVISION FOR ATTORNEY FEES: WHEN NOT COLLECTIBLE. In an action for the cancellation of a note (which provided for attorney fees) and mortgage, the proceeds of which were claimed by both defendant and intervenor, it was agreed that plaintiff should pay the intervenor the amount due, and that the note and mortgage should be delivered up and cancelled; and this was done accordingly. It was also agreed that defendant should have judgment against intervenor for whatever share of the proceeds he should show himself entitled to. Judgment was afterwards rendered accordingly for a certain sum, but the court refused to allow defendant any attorney fees. *Held* correct, because the action between defendant and intervenor was not based on the note.

*Appeal from Polk District Court.*—Hon. W. F. Conrad, Judge.

Filed, May 28, 1888.

Plaintiff executed to defendant Lundburg his promissory note for four hundred dollars, and to secure the same gave a mortgage on real estate. Lundburg indorsed and delivered the note to defendant Morgan. He subsequently gave to the Chicago Lumber Company a written assignment in which he recited that Morgan held it for collection, and that he had no other interest in it. Before the maturity of the note, plaintiff brought an action in equity for the cancellation of it and the mortgage. Morgan answered, alleging ownership of the note, and that he was an innocent purchaser for value ; and in a cross-petition, the note in the meantime having matured, prayed judgment for the amount. The Chicago Lumber Company intervened, claiming title to the note under the assignment from Lundburg, and praying for judgment against plaintiff for the amount. It was subsequently stipulated between the parties that the amount of plaintiff's indebtedness on the note was $332.80, and that he should pay that amount to the intervenor, and it should pay to Morgan the amount of his interest in the note as the same should be determined by the court on the hearing. Plaintiff paid the stipulated sum to intervenor, and the note and mortgage were ordered to be cancelled and surrendered to him. On the hearing the court found that Morgan's interest was one hundred and twenty-five dollars, and entered judgment in his favor for that amount against intervenor. It, however, refused to allow him anything for attorney's fees ; the note containing a provision for attorney's fees in case suit should be brought on it. Both parties appeal.

*E. S. Wishard,* for intervenor.

*Seth Morgan, pro se.*

REED, J.—I. A preliminary question is whether the action is triable *de novo* in this court. Plaintiff's

**1. APPEAL: trial de novo: action at law involved in equitable action.** action was in equity, and the issue between intervenor and defendant was tried to the court. Counsel for the intervenor contends that, as no order was made in the court below transferring the issue to the law side for trial, the case should be regarded as an equitable one, and tried according to the rules governing the trial of causes of that character. The uniform practice of this court has been to regard cases which were tried in the lower courts under the rules governing the trial of equitable actions as belonging to that class, whether any· question of strictly equitable jurisdiction arose or not. But, in determining whether a case shall here be regarded as at law or in equity, the mere fact that it was tried to the court, rather than to a jury, is not conclusive ; for any ordinary action may be tried in that manner. And when the character of the question at issue between these parties, and the manner in which it arose, are considered, we are of the opinion that the case on this appeal should be regarded as one at law. The question is not one of equity jurisdiction, but is determinable in a court of law ; and, strictly speaking, it did not arise in the equity action. Neither is it between the parties to that issue. All questions arising under plaintiff's petition were disposed of by the stipulation. This question relates merely to rights of intervenor and defendant in the fund which is the fruit of that litigation. The contention is as to the terms of the agreement under which Lundburg transferred the note to defendant, and we will determine the character of the proceedings here upon a consideration of the nature of the question, and the character of relief demanded, rather than the mere form of the trial below, which, as we have said, would be applicable to an action of either character. As we regard the case as a law action, and as the only question presented is one of fact, it is only necessary to say that, as there was a fair conflict in the

evidence, we cannot, under the well-settled rule, disturb the finding of the district court.

II. As to defendant's appeal. The agreement of the intervenor was that it would pay defendant whatever sum the court should find in its final decree was due defendant from plaintiff on the note. Defendant's claim was that Lundburg assigned the note to him as collateral security for an indebtedness he was owing him. It is very clear that the object of the parties was to secure that indebtedness to him in case he should be able to establish his claim. The attorney's fee which, under the terms of the note, might be taxed against plaintiff in the action for the enforcement of the note, does not pertain to the debt evidenced by it; but is in the nature, rather, of costs of the proceeding. Intervenor's undertaking was, by its terms, to pay the debt which defendant claimed had been secured by the endorsement of the note. Very clearly it did not include the attorney's fee. The case will be affirmed on both appeals.

AFFIRMED.

2. PROMISSORY note: provision for attorney fees: when not collectible.