## STONEMAN *v.* PYLE.

PROMISSORY NOTE.—*Commercial Paper.*—If a note is payable at a bank in this State, a stipulation therein for the payment of attorney's fees should suit be instituted thereon will not destroy the commercial character of the paper.

EVIDENCE.—In a suit upon a note governed by the law merchant, negotiated before due, where the defense is that it was procured by fraud, and that the plaintiff purchased with a knowledge of the facts, the plaintiff may be asked by his attorney when testifying as a witness in his own behalf, whether or not, at the time of the purchase of the note, or prior thereto, he had any notice or knowledge of any fraud in the obtaining of the note, or that a patent right for which it was given was invalid or valueless.

APPEAL from the Marion Common Pleas.

WORDEN, J.—This was an action by the appellant against the appellee upon a promissory note executed by the defendant, Pyle, to the order of one S. B. Hartman, and by the latter indorsed to the plaintiff, for the sum of fifteen hundred dollars, dated January 1st, 1867, and payable six months after date, at the Citizens' National Bank of Indianapolis.

The note contained a stipulation for the payment of attorney's fees should suit be instituted thereon.

The defendant answered, first, by the general denial; second, that the note was given for a certain patent right, which was valueless, and was obtained by means of certain false and fraudulent representations as to the patent right, setting out the circumstances, and averring that the plaintiff purchased the note with a full knowledge of the facts thus alleged. Reply in denial.

Trial by jury, verdict and judgment for defendant. Motion for new trial overruled, and exception.

The fraud charged, and the worthlessness of the patent right, may be regarded as clearly enough established, so that if the plaintiff is to be considered as standing precisely in the shoes of the payee, Hartman, the verdict and judgment seem to be right.

But as the note was payable at a bank in this State, it is governed by the law merchant, and the holder thereof is en-

titled to all the rights of a holder of commercial paper, unless the clause in the note stipulating for the payment of attorney's fees, in case suit should be commenced thereon, takes it out of that class of paper. It is earnestly urged by counsel for the appellee, that the provision above indicated makes the amount of the note uncertain, and therefore that it does not come within the legal requirements of commercial paper. It may be conceded that a note, in order to be placed upon the footing of bills of exchange, must be for a sum certain; for in no other way can the maker know precisely what he is bound to pay, or the holder what he is entitled to demand. But the note in question, if paid at maturity, or after maturity, but before suit brought thereon, is for a sum certain. On the maturity of the note, the maker knew precisely what he was bound to pay, and the holder what he was entitled to demand. In the commercial world, commercial paper is expected to be paid promptly at maturity. The stipulation for the payment of attorney's fees could have no force except upon a violation of his contract by the defendant. Had the defendant kept his contract and paid the note at maturity, or afterwards, but before suit, he would have been required to pay no attorney's fees, nor would there have been any difficulty as to the extent of his obligation.

We see no reason, on principle or authority, or on grounds of public policy, for holding that such a stipulation destroys the commercial character of paper otherwise having that character. See *Smith* v. *Silvers*, 32 Ind. 321. The case is quite analogous to a class of cases on the subject of usury. Says Mr. PARSONS, "So if the borrower agrees to pay the sum borrowed at a time certain, or on demand, with lawful interest, and if he fail to do so, so much more by way of penalty, even if it be called extra interest, this is not such usury as would affect the contract, because the borrower has the right to pay the principal and avoid the penalty." 2 Parsons Notes and Bills, 413, 414. So here the defendant had the right to pay the face of the note when due and avoid the attorney's fees. As long as the note retained

the peculiar characteristics of commercial paper, viz., up to the time of its maturity and dishonor, the amount to be paid on the one hand, and recovered on the other, was fixed and definite.

The note being governed by the law merchant, it remains to inquire what rights the plaintiff has in reference to it, under the facts of the case. He purchased it on the 10th of January, 1867, only ten days after its execution, and long before its maturity, for a valuable consideration, viz., the sum of thirteen hundred dollars in cash; and it is quite clear, under these facts, that unless he had notice of the facts involved in the defense at the time of his purchase, he is entitled to recover.

We have examined the evidence in the cause with some degree of care, and find nothing in it that justifies a verdict against the appellant upon this point. There was not only no evidence that brought knowledge home to the plaintiff at the time of his purchase, but the defendant testified that he did not himself discover that he was swindled until he went to Pennsylvania to make inquiry concerning the patent right, which was about five months after the execution of the note.

On the trial of the cause, the plaintiff was examined as a witness, and was asked by his counsel to state whether or not at the time, or prior to the purchase of the note, he had any notice or knowledge of any fraud in the obtaining of the note, or that the patent right for which it was given was invalid or valuless. An objection made by the defendant to this question was sustained by the court, and the plaintiff excepted. In this we are of opinion that the court erred. We see no substantial objection to the form of the question, and we think it was competent for the plaintiff to testify to his knowledge or want of knowledge on that subject.

The appellant makes some other minor questions in the cause, which it is unnecessary to consider, as the judgment will have to be reversed, for the reasons above stated.

The judgment below is reversed, with costs, and the cause remanded for a new trial.*

*T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellant.

*J. W. Gordon* and *W. March,* for appellee.

*Petition for a rehearing overruled.