No. 2432.—MICHEL DIETRICH v. L. BAYHI and H. D'AQUIN.

A stipulation in a written obligation to pay money that in case judicial proceedings be instituted to enforce payment, the lawyers' fees, fixed at ten per cent., to be at the cost of the maker, does not change its character from that of an ordinary promissory note.

A presentment by the notary of a promissory note to the maker for payment, is sufficient if made at his usual place of business, within reasonable hours, although he be absent therefrom at the time, because if absent during business hours he is bound to have some one there to represent him.

APPEAL from the Fourth District Court, parish of Orleans. *Théard, J.* *A. & P. Robert*, for plaintiff and appellee. *F. Fuselier*, for defendants and appellants.

HOWELL, J. H. D'Aquin has appealed from a judgment against him as indorser on the following note, to wit:

" $4305. NEW ORLEANS, August 14, 1868.

Six months after date I promise to pay to the order of Michel Dietrich forty-three hundred and five dollars, for value received, negotiable and payable without defalcation or discount. Should the note not be paid at maturity, and judicial proceedings be instituted, the lawyer's fees, fixed at ten per cent., to be at the cost of the maker.

(Signed) LEON BAYHI.

(Indorsed) H. D'AQUIN,
MICHEL DIETRICH,
MRS. JOHN GAUCHE.
MICHEL DIETRICH, Attorney."

Judgment was asked and rendered only for the sum of $4305 and costs of protest and suit, with legal interest from date of maturity of this instrument.

The appellant's defense is that he is in no manner liable on the said instrument as indorser, security or otherwise, because it is not a promissory note according to the intendment of the mercantile law, and hence his signature is blank on the back of the instrument, he not being the payee, does not bind him as guarantor, surety or indorser under the commercial law or the civil law of Louisiana, and admitting it is commercial paper, he is released by the want of legal presentment and demand.

We think the additional clause to pay ten per cent. as lawyer's fees, which are not claimed in this suit, did not change the character of the instrument and make it different from what it is expressly declared to be, a note for a sum certain, payable at a date fixed. The payment of the sum was not made dependent on any condition. We consider the presentment and demand legal. The protest says the notary, "in order to present the said note, went to the office of the drawer, of this city and found no one in or about the premises of whom demand could be made, left my card on the desk of said drawer, stating the object

of my call, and at the close of business hours had received no answer thereto."

It is well settled that a presentment at either the dwelling or place of business of the maker is sufficient, if within reasonable hours, and if at the place of business, it will be sufficient if made within the usual hours of business, although he be absent therefrom, for in both instances he is bound to have a suitable person there to answer inquiries and pay his notes if there demanded. Story on Notes, section 235.

Judgment affirmed