JOHN C. SHORT & CO.

*v.*

MICHAEL D. COFFEEN.

ASSIGNOR OF NOTE — *measure of damages in recovery against.* In a suit by the assignee against the assignor of a promissory note, the measure of damages is the amount paid for the note to the assignor, with interest, but the recovery in no case can exceed the amount of the note and interest; and when the note requires the maker to pay an attorney's fee, in case of suit, the assignor, it seems, is not liable for such fee in a suit against him.

APPEAL from the Circuit Court of Vermilion county ; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. HENRY & PENWELL, for the appellants.

Messrs. MALLORY & BLACKBURN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee against appellants, as endorsers of a promissory note, which read as follows:

"DANVILLE, ILL., *May* 6, 1873.
"Ten months after date, for value, I promise to pay John C. Short $150, at the Exchange Bank of John C. Short & Co.,

Danville, Illinois, with interest, at the rate of ten per cent, from date, and, in addition thereto, an attorney's fee of ten per cent on amount due, as liquidated damages, in case of the collection thereof by suit at law or otherwise, to be added to and made a part of the amount due, or of the judgment.

"F. M. WELSH."

John C. Short endorsed the note to appellants, and they endorsed it to appellee.

A jury having been waived, a trial was had before the court, and judgment rendered in favor of appellee for $186.89, which exceeded the amount of the note and interest $17.

We regard the evidence before the court as sufficient to authorize a recovery against appellants, as endorsers of the note ; but the judgment rendered is too large.

In an action brought by the endorsee of a promissory note against the endorser, the measure of damages is the amount paid by the assignee to his assignor, with interest.

The recovery, however, can, in no case, exceed the amount of the note and interest. *Raplee* v. *Morgan,* 2 Scammon, 564; *Shœffer* v. *Hodges,* 54 Ill. 337 ; *Munn* v. *Commission Co.* 15 Johns. 55.

It was therefore error for the court to render judgment in favor of the endorsee against the endorsers, for $17 in excess of the amount of the note and interest, for which the judgment must be reversed and the cause remanded.

*Judgment reversed.*