A. L. HEARD, ET AL., PLAINTIFFS IN ERROR, v. DUBUQUE COUNTY BANK, DEFENDANT IN ERROR.

1. **Promissory Note:** ATTORNEY'S FEE. A promissory note, in form otherwise negotiable, is not rendered non-negotiable by reason of containing a clause in these words, "and if suit is brought to enforce collection I will pay reasonable attorney's fees."

2. ———: ———. Nor is such note rendered non-negotiable by reason of its containing a recital in these words, "The express condition of the sale and purchase of this Ohio reaper and mower No. — is such that the title, ownership, or possession does not pass from the said McDonald & Co. until this note and interest is paid in full. That the said McDonald & Co. have full power to declare this note due and take possession of said machine at any time they may deem themselves insecure, even before the maturity of the note."

3. ———: INDORSEMENT. A promissory note had the following written on the back of it: "For value received I hereby guarantee payment of the within note and waive presentation, protest, and notice," signed by the payee. *Held*, that it operated as a transfer of the note, or as an endorsement with an enlarged liability.

4. **Errors not assigned in motion for new trial, waived.** Objection was made that the court erred in rejecting certain proper testimony offered on the trial by the plaintiffs in error, but this objection was not made in the motion for a new trial. *Held*, that the errors, if any, were thereby waived.

ERROR to the district court for Jefferson county. Tried below before WEAVER, J. The facts appear in the opinion.

*Saxon & Snell,* for plaintiffs in error, cited *Austin v. Burns,* 16 Barb., 643. Edwards on Bills, 136. *Samstag v. Conley,* 64 Mo., 476. *Bank of Trenton v. Gay,* 63 Mo., 33. 1 Parsons on Notes and Bills, 37. 2 Id., 117. *Nicholson v. Bank,* 3 S. L. R., 953. *Woods v. North,* 84 Penn. State, 407.

*Slocumb & Hambel,* for defendant in error, cited *Sperry v. Horr,* 32 Iowa, 184. *Stoneman v. Pyle,* 35 Ind., 103. *Gaar v. Louisville Banking Company,* 11 Bush., 180. *Dietrich v. Baylir,* 23 La. Ann., 767. *Zimmerman v. Anderson,* 67 Penn. State, 421. *Robinson v. Lair,* 31 Iowa, 9. *Arnold v. Rock River Co.,* 5 Duer, 207. *Dinsmore v. Duncan,* 57 N. Y., 573. *White v. Smith,* 77 Ill., 351. *Kirk v. Dodge County Mutual Insurance Co.,* 39 Wis., 138. *Collins v. Bradbury,* 64 Me., 37. *Daugherty v. Perry,* 38 Ind., 15.

COBB, J.

Suit was brought in the court below by the defendant in error against the plaintiff in error on a promissory note in these words:

"$60. Beatrice, Neb., July 19, 1876.

"For value received, on or before the first day of January, 1878, I, the subscriber, of P. O. Fairbury, county of Jefferson, state of Nebraska, severally promise to pay to the order of V. J. Williams & Co. Sixty dollars at the office of Bank in Fairbury, with interest at 10 per cent per annum from date until paid, and if suit is brought to enforce collection I will pay reasonable attorneys' fees. * * * * The express condition of the sale and purchase of this Ohio reaper and mower No. — is such that the title, owner-

ship, or possession does not pass from the said McDonald & Co., until this note and interest is paid in full. That the said McDonald & Co. have full power to declare this note due and take possession of said machine at any time they may deem themselves insecure even before the maturity of the note.

"A. L. HEARD.
"S. H. HEARD.
"M. E. HEARD."

The note was indorsed as follows:

"For value received, I hereby guarantee payment of the within note and waive presentation, protest, and notice.                    V. J. WILLIAMS & Co."

A trial was had to a jury and judgment for the plaintiff. To reverse which the cause is now brought to this court on error.

Plaintiffs in error present three points:

1. That the note sued on is rendered non-negotiable by reason of its containing a clause providing for the payment of attorney fees in case of suit being brought to enforce collection.

2. That the character of said note as a negotiable instrument is destroyed by reason of its containing a recital of the conditions upon which a certain Ohio reaper and mower was sold and purchased, and providing that the title, ownership, or possession thereof does not pass from McDonald & Co. until said note is paid in full, etc., said McDonald & Co. not being parties to said note.

3. That the said note never was in fact negotiated. The guaranty written upon the back thereof not amounting to an indorsement so as to transfer the title.

On the first point, while there is some conflict of authorities, yet there is a clear preponderance of authority, as well as of reason, against this objection to the

note. It is not objected that this instrument does not contain all of the requisites of a negotiable note, but that it contains too much.

We do not think that the amount of money represented by a note or bill is made any the less certain by reason of its containing a stipulation that if it is not paid at maturity the maker will pay a part of the expenses of its collection. Such a stipulation adds to the value of paper, has a tendency to lower the rate of discount on it, not only because it promises less expensive collection, but bears evidence of a greater degree of confidence on the part of the maker in his ability to pay without suit. The stipulation to pay attorney fees is harmless, to say the least, while the note is undishonored and entitled to pass as commercial paper. It is only when it has become dishonored by its maker, and ceases to have any standing in the commercial world, that this provision becomes operative.

Looking to the spirit, as well as the letter, of a time-honored definition, certainly " a courier without luggage" is none the less efficient for all purposes by reason of having something about him with which to pay his reckoning.

Under the provisions of our statute, when attorney fees are allowed by the court they do not become a part of the judgment proper, but a part of the costs, and it is expressly provided that such allowance shall be made in all cases wherein the mortgage or other written instrument, upon which the action is brought, shall in express terms provide for the allowance of an attorney's fee; and it must have been the intention of the Legislature that such written instrument, if containing words of negotiability, should still retain that character, notwithstanding the clause allowing an attorney's fee. General Statutes, 98. *Seaton v. Scovill*, 18 Kansas, 433. *Sperry v. Horr*, 32 Iowa, 184. *Hubbard v. Harrison*, 38

Ind., 323. *Stoneman v. Pyle,* 35 Ind., 103. *Johnson v. Crossland*, 34 Ind., 334. *Dietrich v. Bayhi*, 23 La. An., 767. *Gaar v. Louisville B. Co.*, 11 Bush, 180. Contra —*Bank of Trenton v. Gay*, 63 Mo., 33.

On the second point, none of the numerous authorities cited seem to be in point. The law seems to be well settled that although it may appear on the face of the note that its payment is secured by collaterals in personal property or mortgage of real property, yet if otherwise in proper form it is nevertheless negotiable. *Arnold v. R. R. V. U. R. R. Co. et al.*, 5 Duer., 207, and cases there cited. *Collins v. Bradbury*, 64 Maine, 37, and cases there cited.

But it is urged that the case at bar is distinguishable from all these cases in this, that the sole consideration for the giving of the note by the plaintiffs in error was the sale of a certain Ohio reaper and mower, and that when it appears on the face of the note that neither title, ownership, or possession of said Ohio reaper and mower passed from the said McDonald & Co. until said note and interest should be paid in full, that the same was notice to defendant in error and all the world that the said note was without consideration, etc. Were the premises true the conclusion would be pressing, but an examination of the note will fail to disclose that the sale of an Ohio reaper and mower was the sole or any part of the consideration for the giving of the note. The most that can be claimed is that these words in the note were enough to put a person about to receive the note, in the course of business, upon his enquiry, and following the New York decisions, we do not deem it sufficient evidence of warranty of the quality of the machine by the vendor to the vendee.

In *Magee v. Badger*, 34 N. Y., 247, Porter, J., says: " He, the purchaser, is not bound at his peril to be upon

the alert for circumstances which might probably excite the suspicions of wary vigilance. He does not owe the party, who puts negotiable paper afloat, the duty of active inquiry to avert the imputation of bad faith." *White v. Vermont & M. R. R. Co.*, 21 Howard, 575. *Gelpcke v. City of Dubuque*, 1 Wall., 175, and cases there cited. *Collins v. Bradbury*, 64 Maine, 37. *Mabie v. Johnson*, 15 N. Y. Supreme Ct. Rpts., 309.

On the third point, we find some conflict of authorities, but we adopt the law and the language of Day, C. J., in *Robinson v. Lain*, 31 Iowa, 9: "We confess ourselves unable to give effect to the contract of guaranty of payment and waiver of demand, and notice, if the payees still intend to retain the title. The writing simply constitutes an indorsement with an enlarged liability." See *Crosby v. Roub*, 16 Wis., 616. *Hance v. Miller*, 21 Ills., 636. *Crenshaw v. Jackson*, 6 Georgia, 509. *Myrick v. Hasey*, 27 Maine, 9. *Partridge v. Davis*, 20 Vt., 499. Contra—*Tuttle v. Bartholomew*, 12 Met., 452. *Taylor v. Binney*, 7 Mass., 479. *Blakely v. Grant*, 6 Mass., 386. *True v. Fuller*, 21 Pick., 140. *Upham v. Prince*, 12 Mass., 14.

On the trial in the court below the plaintiffs in error called a witness to prove the consideration for which the note sued on was given, also to prove certain alleged representations of warranty made by V. J. Williams & Co. concerning a certain Ohio reaper and mower, at the time of the purchase of the same by the plaintiffs in error, which testimony was ruled out by the court, to which rulings the plaintiffs in error excepted, but failed to embody such exceptions in their motion for a new trial.

This court has repeatedly held that all alleged errors not embraced in a motion for a new trial would be considered waived. *Midland Pacific R. R. Co. v. McCartney*, 1 Neb., 404. *Mills v. Miller*, 2 Id., 317. *Wells, Fargo*

*& Co. v. Preston,* 3 Id., 444.   *Cropsey v. Wiggenhorn,* Id., 108.

The judgment must be affirmed.

JUDGMENT AFFIRMED.