TRADER v. CHIDESTER.

1. PROMISSORY NOTE : *Agreement to pay attorney's fee for collecting: Negotiability.*

An agreement in a promissory note to pay a stipulated attorney's fee for collecting it, if it should have to be collected by suit, does not affect the negotiability of the note. It is the same under the law merchant as without the agreement. (The case however, does not decide that 'the agreement is enforceable,—REP.)

Trader v. Chidester.

2. **Same**: *Innocent purchaser: Defenses against.*

A purchaser for value of a negotiable promissory note before due and without notice of any infirmity in it, is subject to no defense except want of power in the maker, as coverture, or infancy, etc., and illegality of consideration, è g. gaming.

3. **Same**: *Blank assignment: Presumption as to date.*

The statutory rule that a blank assignment of a negotiable instrument shall be taken to have been made at a date most to the advantage of the defendant, applies only when there is no evidence as to the date of the transfer.

APPEAL from *Ouachita* Circuit Court.

Hon. C. E. MITCHELL, Circuit Judge,

*R. E. Salle*, for appellant,

1. As to first ground of demurrer, see *1 Pars. on Notes and Bills*, *279; 1 Dan. Neg. Inst.*, *610*.

2. On the second, see *12 Wheat.*, *183; 7 Curtis*, *108; 1 Parsons Cont.*, *(6th Ed.)*, *593*.

3. On the third, see *1 Pars. Cont.*, *(6th Ed.)*, *593*.

By these authorities, none of the defenses, except fraud, would have been available.

4. If the note passed into appellant's hands before maturity and for value, his right to recover could only be defeated by his own *mala fides*. *Parsons Cont. on Notes and Daniel, supra; 7 Cent. L. J.,*411*.

5. The statutory presumption that the assignment being in blank shall be taken to have been made on such day as shall be most to the advantage of the defendant, only arises where there is no proof that it was assigned before maturity. It merely throws the burden on plaintiff, to show when made. The question of assignment is one of fact and not of exact dates. *13 Ark.*, *280; 31 Id.*, *20; Id.*, *128*.

6. The verdict was contrary to law. *25 Ark.*, *225; 18 Id.*, *123; 20 Id.*, *216; 37 Id.*, *146; 33 Id.*, *425*.

*Barker & Johnson*, for appellees.

1. A note containing a clause for the payment of attor-

ney's fees is not negotiable. *53 Wis.*, *599; Story on Notes*, *2*, *20*, *27; 1 Parsons on Bills, 37; 37 Amer.*, *675; 21 Ib.*, *450; 24 Ib.*, *201.*

2. Even if negotiable, the note was subject to all equities of defendants, although assigned before maturity. *84 N. C.*, *24; 39 Mich.*, *137; 38 Ark.*, *127; 39 Ib.*, *306.*

3. The instruction as to blank assignments was law. *Gantt's Dig.*, *570.* And it was a question for the jury whether that presumption had been rebutted or not. *25 Ark.*, *230.*

*H. G. Bunn*, for appellees.

The first and second grounds of demurrer properly overruled. *Gantt's Dig.*, *sec. 565, 570.*

2. No return or offer to return was necessary. *52 N. Y.*, *416.*

3. While unliquidated damages are not subject of set off (*30 Ark.*, *50*) yet they are of recoupment and counterclaim. *27 Ark.*, *489; 12 Ib.*, *699.*

4. The verbal instruction of the court merely announced what is now the presumption of law. *Gantt's Dig.*, *570; 31 Ark.*, *20.*

SMITH, J. Trader brought his action against the makers of the following instrument, claiming that it had been indorsed to him before maturity:

"HOT SPRINGS, ARK., Oct. 8th, 1881.

$381.25. Six months after date, we promise to pay to the order of Milburn Manufacturing Company, of St. Louis, Mo., three hundred and eighty-one dollars and twenty-five cents and exchange, value received, negotiable and payable at ———— with interest at the rate of ten per cent. per annum from maturity, and in the event of this note being collected by suit at law, agree to pay attorney's

fee of ten per cent. of amount of principal and interest due, waiving any and all relief whatever from valuation and appraisement laws.

J. T. CHIDESTER,

J. T. CHIDESTER, JR."

The grounds of defense were:

1. A breach of warranty on the part of the Milburn Manufacturing Company, as to the class, quality and material of certain vehicles, for part of the purchase price of which the note was made, and a consequent failure of consideration; and

2. A denial that the plaintiff took the paper in good faith, averring that the transfer was colorable merely, done with the intent to deprive the makers of their just defense thereto, and that the plaintiff did not pay value; and

3. *Nil debt.*

After a demurrer to the answer had been overruled, the cause came on for trial before a jury and the defendants had the verdict,

A motion for a new trial alleged that the verdict was contrary to law and unsupported by the evidence.

The first question which we are required to settle is, whether the instrument sued on is a negotiable promissory note. And by negotiability, we mean, not the quality of being transferable from one to another so as to enable the holder to demand payment of the paper and to maintain in his own name an action upon it. In that sense county warrants are negotiable. *Crawford County v. Wilson*, 7 *Ark.*, *214.* But we mean negotiability in the sense of the law merchant, which shuts out, in the hands of a *bona fide* purchaser, most enquiries as to the validity of the paper and precludes certain defenses which could be made to it as between the original parties. *Wall v. County of Monroe*, *103 U. S.*, *74.*

1. PROMISSORY NOTE, Negotiability not affected by agreement to pay attorney's fee for collecting.

It is claimed that the stipulation expressed in the note, for the payment of an attorney's fee, in case suit is brought upon it, destroys the negotiable character of the instrument. And several most respectable courts have adopted this view, holding that such a stipulation imparts to the contract an element of uncertainty or contingency which is altogether inconsistent with legal ideas of commercial paper. Mr. Justice Sharswood neatly characterizes such an agreement as "luggage which negotiable paper, riding as it does on the wings of the wind, is not a courier able to carry." *Woods v. North, 84 Penn. St., 406; S. C. 24, Am. Rep. 201.*

See also, as supporting this view, *First Nat. Bank v. Bynum, 84 N. C., 24; First Nat. Bank v. Gay, 63 Mo., 33; Samstag v. Conley, 64 Id., 476; First Nat. Bank v. Marlow, 71 Mo., 618; First Nat. Bank v. Jacobs, 73 Id., 35; Jones v. Radatz, 27 Minn., 240; Farquhar v Fidelity Deposit Co. ( U. S. C. C. D., Pa.), 7 Cent. L. Jour., 334.*

But the decided weight of authority and the better reason are on the other side : *Sperry v. Horr, 32 Iowa, 184; Stoneman v. Pyle, 35 Ind., 103; S. C., 9 Am. Rep., 637; Stroup v. Gear, 48 Ind., 100; Seaton v. Scoville, 18 Kans., 433; Bullock v. Taylor (per Cooley, J.), 39 Mich., 137; Meyer v. Hart, 40 Id., 517; Gear v. Louisvile Banking Co., 11 Bush, 180; Witherspoon v. Musselman, 14 Id., 214; Heard v. Dubuque County Bank, 8 Neb., 10; Dow v. Updike, 11 Id., 95; Nickerson v. Shelden, 33 Ill., 372; Howmstien v. Barnes, 5 Dillon, 482.*

In *Merchants Nat. Bank v. Sevier, 14th Federal Rep., 662,* the circuit justice of the 8th circuit and the district judge for the Eastern District of Arkansas concurred in holding a provision in a promissory note to pay an attorney's fee of ten per cent. on the amount due if suit is brought to enforce payment, to be void, as a stipulation for

a penalty or forfeiture, tending to the oppression of the debtor, unsupported by any consideration and contrary to public policy; and gave judgment only for the principal and interest of the note. This case arose between the immediate parties to the paper, and did not involve its negotiability. But the logical sequence of denying the validity of the stipulation is to affirm the negotiability of the note. For, if the stipulation is a nullity, and to be treated as of no effect, it can not destroy the negotiable character of the note. That which is void can not be so far effective as to render a note non-negotiable by reason of an uncertainty which it sought, but failed, to introduce into its terms. That the recovery can in no case exceed the amount of the note and interest is also the conclusion which the courts of Michigan, Kentucky, Illinois and Nebraska have reached, and yet they maintain the negotiable character of the instrument. See cases above cited and *Short v. Coffan, 76 Ill., 245.*

The question whether such a stipulation is enforceable, is not presented in this case, as the fee was not claimed in the action.

Thus far we have proceeded upon authority. But on principle the stipulation for an attorney's fee ought not to affect the negotiability of. the note. The principal and interest is the sum due upon the note at maturity, and by the payment thereof, it will be fully satisfied. And it is only in case of default of such payment, and after the note is overdue, and lost its negotiable character, that the penalty or attorney's fee can be claimed or collected at all. In fact, the stipulation, although contained in the note, is strictly and properly speaking, no part of it, but a distinct contract, collateral thereto, as much as if it was written on a separate piece of paper. The ruling that such a stipulation makes the note usurious is founded upon the unauthorized assumption of fact, that the sum agreed to be paid as an

attorney's fee, in case the note is not paid at maturity, is not what it purports to be, but illegal interest in disguise. Of course, where it appears that such is the real nature of the transaction, it should be treated accordingly. But the fact can not be assumed any more than that a like sum of the alleged principal is illegal interest in disguise. *Wilson Sewing Machine Co. v. Moreno, 6 Sawyer, 35, per Deady, J.*

For a collection and discussion of the adjudged cases on this point, see *Article in 16 Amer. Law Rev., 849,* entitled, "some disputed questions in the law of commercial paper," and note to *Merchants Nat. Bank v. Sevier, 14 Fed. Reporter, 662.*

1. Innocent purchaser before due. Defenses against.
Now, the note being negotiable, the contract was that the makers should pay it at maturity to any *bona fide* indorsee without reference to any defence to which it might be subject in the hands of the payee. *Carpenter v. Longan, 16 Wall, 273.* And the plaintiff, having purchased it before due from the payee, without notice of any infirmity in it, was a *bona fide* holder for value. The only defences available against him were want of power in the maker, as that they were infants, married women, etc.; and illegality of consideration, e. g. gaming. *Cromwell v. County of Sac, 96 U. S., 51; Dewing v. Perdicaries, Ib., 196.* Consequently, the plaintiff is unaffected by any equities between the Milburn Manufacturing Company and the defendant.

But it is insisted that the jury must have found that the plaintiff did not acquire this note in good faith before maturity. There is nothing in the record to justify such a finding. There was abundant evidence to show that the note was indorsed in blank, sold for money, and delivered to the plaintiff before it was due; and there was no evidence to the contrary.

2. BLANK ASSIGNMENT. Presumption as to note.
We notice in this connection that the circuit judge charged the jury that the note having been indorsed in blank, the

law presumes it was transferred to the plaintiff after matu-rity and not before. In the absence of a statute, the rule of mercantile law undoubtedly is, that, when there is no ev-idence of the date of an indorsement, the legal presump-tion is, it was made before maturity. But sec. 570 of Gantt's Digest provides: "All blank assignments shall be taken to have been made on such day as shall be most to the advantage of the defendant." The only effect of this statute is to change the former presumption, and it has no application except in the absence of all evidence as to the date of the transfer, *Clendenin v. Southerland, 31 Ark.,* *20; Trieber v. Commercial Bank, Ib., 128.* Hence this charge of the court was inappropriate, inapplicable to the state of facts in proof, and calculated to mislead the jury.

Reversed and remanded with directions to sustain the plaintiffs demurrer to the first and third paragraphs of the answer and to proceed to a second trial in conformity with this opinion.

Mr. Justice Eakin is of opinion that the insertion of a stipulation to pay attorney's fee in event of suit renders the note non-negotiable.