SHENANDOAH NATIONAL BANK, Appellee, v. MARTHA MARSH, Appellant.

Promissory Note: PROVISION FOR ATTORNEY FEES: NEGOTIABILITY. The negotiability of a promissory note is not affected by an agreement therein to pay "ten per cent. attorney's fees, if placed in attorney's hands for collection."

*Appeal from Lucas District Court.*—HON. E. L. BURTON, Judge.

THURSDAY, OCTOBER 12, 1893.

ACTION on a promissory note. There was a verdict and judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Stuart & Bartholomew*, for appellant.

*Mitchell & Penick*, for appellee.

KINNE, J.—The plaintiff's action is brought upon a promissory note, which reads:

"CHARITON, IOWA, July 16, 1890.

"On January 16, 1891, for value received, we jointly and severally promise to pay A. H. Warren, or order, one hundred and fifty-one dollars, payable at the First National Bank of Chariton, Iowa, with interest at the rate of eight per cent. per annum from date until paid, and ten per cent. attorney's fees, if placed in attorney's hands for collection. The interest on this note is payable annually, and this entire note to be due when there is interest due and unpaid. All delinquent interest to draw ten per cent. interest from the time delin-

quent. Jurisdiction is conferred upon any justice of the peace. The makers and indorsers hereof waive demand and protest.   MARTHA MARSH.''

The defendant pleads fraud practiced in procuring the note, and that the same is without consideration. The plaintiff, in a reply, denies the allegations in the answer, and avers that it purchased said note in good faith, before maturity, for a valuable consideration, and without notice or knowledge of any defect in the note or defense thereto. After the evidence was all in, the court sustained the plaintiff's motion to discharge the jury, and enter judgment for the plaintiff for one hundred and forty-three dollars and forty-five cents, the sum the plaintiff had paid for the note, ''upon the ground, alone, that said note was negotiable, and the evidence without conflict showed that the plaintiff was an innocent purchaser thereof before maturity, and hence the defense of fraud or want of consideration in the execution of the note could not be asserted or maintained by the defendant as against the plaintiff.''

The record shows that it was conceded by the parties that the evidence tended to show that the note was procured from the defendant by means of fraud on part of Warren, the payee therein, and that it was without consideration. It appeared from the evidence, without conflict, that the note was purchased by the plaintiff from Warren, in the regular course of business, prior to its maturity, without notice or knowledge that it had been procured through fraud or was without consideration, or that there was any other defense thereto; that the purchase was made in good faith, and that the plaintiff paid Warren one hundred and forty-three dollars and forty-five cents for it.

Several errors are assigned, but the only point pressed in argument is that the note was non-negotiable, and hence open to the defense pleaded. The note con-

tains the following provision: "And ten per cent. attorney's fees, if placed in attorney's hands for collection." It is contended that this provision renders the sum payable at the maturity of the note uncertain, and that thereby one of the elements of negotiability, certainty as to the amount due, does not exist. It seems to be conceded in the argument that if the facts of this case bring it within the rule established in *Sperry v. Horr*, 32 Iowa, 184, the judgment below should be affirmed, unless we are prepared to overrule the *Sperry case*. The provision in the note in the *Sperry case*, reads: "If not paid when due, and suit is brought thereon, I hereby agree to pay collection and attorney's fees therefor." It was held in that case that as the provision quoted related to the remedy, and only became operative in case suit should be brought, it could in no way render uncertain the sum due upon the note at its maturity.

It is urged that the provision in the note in this suit contemplates that the note may be placed in an attorney's hands for collection at any time, before, as well as after, maturity; hence that the amount due at maturity would be dependent, to a certain extent, on the fact that it was or was not thus placed in the hands of an attorney for collection before its maturity; that an element of uncertainty as to the amount due at the maturity of the note is thus introduced, which does away with its negotiability. If the appellant's construction of this clause is correct, then one taking such a note to-day, which is not due for five years, may, by at once placing it in an attorney's hands, to be by him held until paid or until maturity, and collected if not then paid, compel the maker to pay ten per cent. in addition to the face of the note, even though he may in fact pay it before it matures. We do not think the language used, considered in connection with the provisions of the entire note, warrants such interpretation,

Ordinarily, we understand the word "collect," as applied to an indebtedness, to mean that which may lawfully be done by the holder of the obligation to secure its payment or liquidation after its maturity. The words "for collection," as used in the note, convey the same meaning as the words "to collect." We think it is clear that, under a provision like that under consideration, no attorney's or collection fees could be claimed, even in the absence of the statutory provisions prohibiting it, for any work, labor or service of the attorney holding such a note, which was done or rendered with regard to it prior to its maturity.

Under this construction of the language used the case is clearly within the holding in the *Sperry case, supra.* But it is said that that holding is against the weight of authority generally, and hence it should not be adhered to. It must not be forgotten that the fact that there is a conflict in the decisions, touching the question as to whether a provision like that in the *Sperry case* would render an instrument non-negotiable, was considered in that case. The doctrine announced in that case has been the law of this state for over twenty years, innumerable contracts have been made on the faith of it, and the decision is supported by an abundance of authority. *Stoneman v. Pyle,* 35 Ind. 103; *Seaton v. Scovill,* 18 Kan. 433; *Gaar v. Louisville Banking Co.,* 11 Bush. 180; *Heard v. Bank,* 8 Neb. 10; *Dietrich v. Bayhi,* 23 La. Ann. 767; *Overton v. Matthews,* 35 Ark. 147; *Farmers' National Bank v. Rasmussen,* 1 Dak. 60, 46 N. W. Rep. 574; 1 Daniel on Negotiable Instruments [4 Ed.], section 62a; *Hubbard v. Harrison,* 38 Ind. 323; *Nickerson v. Sheldon,* 33 Ill. 372; *Schlesinger v. Arline,* 31 Fed. Rep. 648; *Montgomery v. Crossthwait,* 8 S. Rep. 498, 90 Ala. 553; *Bank of Commerce v. Fuqua,* 28 Pac. Rep. (Mont.) 291; *Dorsey v. Wolff,* 32 N. E. Rep. (Ill. Sup.) 495; *Pate v. Bank,* 63 Ind. 254; *Maxwell v. Morehart,* 66 Ind. 301; *Proctor v.*

*Baldwin*, 82 Ind. 370; *Wilson Sewing Machine Co. v. Moreno*, 7 Fed. Rep. 806; *Howenstein v. Barnes*, 5 Dill. 482; *Adams v. Addington*, 16 Fed. Rep. 89; Tiedeman on Commercial Paper, section 28b; 1 Randolph on Commercial Paper, sections 205, 206; 2 Parsons on Notes and Bills, pp. 146, 147; 2 Am. and Eng. Encyclopedia of Law, p. 324; *Benn v. Kutzschan*, 32 Pac. Rep. (Or.) 763; *Washington v. Bank*, 64 Tex. 4; *Farmers' Nat. Bank v. Sutton Mfg. Co.*, 3 C. C. A. 1, 52 Fed. Rep. 191.

Our statute expressly provides that attorney or collection fees shall "be allowed by the court and taxed as a part of the costs." Acts of the Eighteenth General Assembly, chapter 185; *Kelso v. Fitzgerald*, 67 Iowa, 266; *Spiesberger v. Thomas*, 59 Iowa, 606; *McCormick v. Lundburg*, 74 Iowa, 558. It was said in the case last cited: "The attorney's fee which, under the terms of the note, might be taxed against the plaintiff on the action for the enforcement of the note, does not pertain to the debt evidenced by it, but is in the nature, rather, of costs." The collection fee, then, in the case at bar, can in no event form a part of the debt proper; it pertains only to the remedy; it is made, by law, a part of the costs. It follows, then, that such a provision can not be said to render uncertain the amount due upon the note at its maturity. That is fixed and certain, and can not be affected by any provisions which relate only to the remedy in case the debt is not paid at maturity. The contract must be construed in the light of the statutes applicable thereto, and with reference to which it will be presumed the parties to the contract acted. The note being negotiable, and purchased by the plaintiff before due, in the usual course of business, for value, and without notice of the equities of the defendant, the case was properly taken from the jury.

The judgment below is AFFIRMED.