Stapleton *v.* The Louisville Banking Company.

The fact that a promissory note payable to the order of a named payee contains a stipulation to pay "all costs and ten per cent. on amount for counsel fees, if placed in the hands of an attorney for suit," does not destroy its character as a negotiable instrument.

May 13, 1895. Brought forward from the last term. Code, §4271(a–c).

Complaint on note. Before Judge Fish. Sumter superior court. May term, 1894.

R. L. Maynard and F. A. Hooper, for plaintiff in error.
W. M. Hawkes, *contra.*

Simmons, Chief Justice.

The controlling question in this case is, whether a promissory note is rendered non-negotiable by a stipulation to pay "all costs and ten per cent. on amount for counsel fees, if placed in the hands of an attorney for suit." There is no prior decision of this court upon the

question, and the decisions of other courts as to the effect of such stipulations are conflicting. We think the better view, and the one supported by the weight of authority, is that such a stipulation does not impair the negotiable character of the paper. Our code defines a promissory note to be "a written promise made by one or more to pay to another, or order, or bearer, at a specified time, a specific amount of money, or other articles of value." (§2774.) It is defined by Story to be "a written promise by one person to pay to another person therein named, or order, a fixed sum of money, at all events and at a specified time, or at a time which must certainly arrive." (Story, Prom. Notes, p. 2.) The note in question conforms to all these requirements. It is certain as to the payee, as to the time of payment, and as to the amount. The stipulation as to costs and attorney's fees is not a part of the main engagement, but relates to the remedy in case of failure to comply with the contract, and is intended to compensate for the expense resulting from its breach. It does not become effective unless there is a failure to pay at the time specified; and it cannot then affect its negotiability, for negotiability in the full commercial sense ceases at maturity. As has been well said by Mr. Daniel in his work on Negotiable Instruments (vol. 1, §62a, 4 ed.), "it seems paradoxical to hold that instruments evidently framed as bills and notes are not negotiable during their currency, because when they cease to be current they contain a stipulation to defray the expenses of collection." So far from tending to check the circulation of the paper, such a provision adds to its value and thus renders it more available for commercial purposes. In support of these views, see the following authorities: 1 Daniel, Neg. Inst., 4 ed. §62 et seq.; 1 Randolph, Com. Pap., §§205, 206; Parsons, Bills and Notes, 146, 147; Tiedeman, Com. Pap., §28b; 2 Am. & Eng. Enc. of Law, 324;

Montgomery *v.* Crossthwait, 90 Ala. 553, 24 Am. State Rep. 832, and cases cited; Farmers Nat. Bank *v.* Sutton Mfg. Co., 6 U. S. Appeals, 312, 331; Shenandoah Nat. Bk. *v.* Marsh (Iowa), 56 N. W. Rep. 458; Second Nat. Bank *v.* Anglin, 33 Pac. Rep. 1056, 6 Wash. 403; Dorsey *v.* Wolff, 32 N. E. Rep. 495, affirming 38 Ill. App. 305; Stoneman *v.* Pyle, 35 Ind. 103, 9 Am. Rep. 637; Proctor *v.* Baldwin, 82 Ind. 370; Gaar *v.* Louisville Bkg. Co., 11 Bush (Ky.), 180; Seaton *v.* Scovill, 18 Kans. 433; Nickerson *v.* Sheldon, 33 Ill. 373, 85 Am. Dec. 280; Dietrich, *v.* Bayhi, 23 La. Ann. 767; Trader *v.* Chidester, 41 Ark. 242, 48 Am. Rep. 38; Farmers Nat. Bank *v.* Rasmussen, 1 Dak. 60; Heard *v.* Dubuque Bank, 8 Neb. 10, 30 Am. Rep. 811; Howenstein *v.* Barnes, 5 Dillon, 482; Bank of Commerce *v.* Fuqua, 11 Montana, 285. See also Towne *v.* Rice, 122 Mass. 67; Arnold *v.* Rock River Valley R. Co., 5 Duer, 207; Adams *v.* Addington, 16 Fed. Rep. 89; Hughitt *v.* Johnson, 28 Fed. Rep. 865; 16 Am. Law Rev. 853.

It was complained that the court erred in directing the jury to find in favor of the plaintiff the amount of attorney's fees stipulated in the note, in addition to the principal and interest, the objection being that there was no evidence to show that the note had ever been placed in an attorney's hands for collection. We think the fact that the plaintiff was represented in this action by an attorney was sufficient, without further evidence, to authorize the court to so instruct the jury. See North Atchison Bank *v.* Gay, 21 S. W. Rep. 479.

*Judgment affirmed.*