GREEN v. SPIRES.

SAME v. TRAYWICK.

SAME v. JENNINGS.

NEGOTIABLE.—A NOTE containing a provision that if "it is collected through an attorney or by legal process of any kind, I promise to pay all costs and expenses, including ten per cent. of amount collected for attorneys' fees," is non-negotiable.
*Divided Court.*

Before TOWNSEND, J., Orangeburg, November, 1904. Affirmed.

Three actions: (1) T. A. Green against Henry S. Spires; (2) same against J. B. Traywick; (3) same against A. S. Jennings *et al.* From judgment for defendants, plaintiff appeals.

*Messrs. Jno. R. Bellinger* and *Moss & Lide,* for appellant, cite: 69 S. C., 65; 18. S. C., 282; 28 S. C., 505; Story on Prom. Notes, sec. 1; 1 Dan. Neg. Inst., sec. 62; 48 S. C., 313.

*Messrs. Raysor & Summers, Wolf & Berry* and *James F. Izlar,* contra, cite: 28 S. C., 504; 48 S. C., 310; 2 Ency., 314; 18 S. C., 287; 1 Spear, 127; 9 Rich., 297; 12 Rich., 425; 13. S. C., 288; 18 S. C., 494; 4 Ency., 2 ed., 135, 123, 771; 63 S. C., 433; 29 Pa. St., 529; Clark on Con., 542; 4 McC., 159.

March 14, 1905.  The opinion of the Court was delivered by

MR. JUSTICE GARY.  These cases were heard together and involve the same question, to wit: Did his Honor, the Circuit Judge, err in ruling that the notes sued upon were non-negotiable?  It will only be necessary to set out a copy of one of the notes, which is as follows:

"$84.00   Cope, S. C., March 2d, 1901.   On or before the first day of September, 1901, next, I promise to pay W. H. Hurt or order eighty-four dollars for value received with interest after maturity at eight per cent. per annum.  In case this note, or any part of it, is collected through an attorney or by legal proceedings of any kind, I promise to pay all costs and expenses including ten per cent. of amount collected for attorney's fees.  Negotiable and payable at Bank of Orangeburg, Orangeburg, S. C.  H. S. Spires. (Two cents revenue stamp cancelled.)"

The note contemplated expenses of collection other than attorney's fees of ten per cent. on the amount collected.  The expenses are not specified and are, therefore, *uncertain.*

Conceding that the note had reference to expenses incurred *after the* maturity thereof, it was, nevertheless, non-negotiable.  In the case of *Bank* v. *Strother,* 28 S. C., 504, 517, 6 S. E., 313, the question was whether a provision in the note for the payment "of all counsel fees and expenses in collecting this note, if it is sued or placed in the hands of counsel for collection," destroyed its negotiability.  The Court said: "The only uncertainty as to the amount arises after maturity and after the paper would thereby lose its negotiability * * * But inasmuch as the first requisite to the negotiability of the paper is that it should be a note, anything that would deprive it of that character must necessarily deprive it of any negotiability, and as a note must be an obligation for the payment of a *certain* sum of money if the paper, in addition to an obligation to pay a specified sum of money, contains, also, an obligation to pay another unde-

fined sum of money, even upon a contingency, that, it seems to us, will deprive it of the character of a note, under the statute of Anne." This case has not been overruled, and is conclusive of the question under consideration.

The appellant relies upon the recent case of *White* v. *Harris,* 69 S. C., 65, in which the note contains the following provision: "We agree in default of payment after maturity to pay ten per cent. for attorney's fees for collection." The Court held this agreement did not destroy the negotiability of the note. It will be observed that in the note just mentioned there was not an agreement to pay undefined expenses. That case is, therefore, not an authority on the question under consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE POPE. I concur in the result. The insertion in the notes of the words: "I promise to pay all costs and expenses," takes these cases out of the rule laid down in *White* v. *Harris,* 69 S. C., 65, by which case it would otherwise be governed.

MR. JUSTICE JONES, *dissenting.* I do not concur in the view expressed in the opinion of Mr. Justice Gary, that the notes in question were non-negotiable by reason of the stipulation to pay "all costs and expenses, including ten per cent. of the amount so collected for attorney's fees," in case of collection through an attorney or by legal proceedings.

There is undoubtedly great conflict among the authorities on this subject, as may be seen by reference to cases cited in 4 Ency. Law, 2d ed., 98, 99, 100. I prefer to side with those cases which hold the view that such a stipulation does not destroy the negotiability of the note. The reasoning upon which this view is based is thus clearly stated by Mr. Daniel in his work on Negotiable Instruments, 3d ed., sec. 62: "Such instruments should, we think, be upheld as negotiable. They are not like contracts to pay money and do

some other thing. They are simply for the payment of a certain sum of money at a certain time, and the additional stipulations as to attorney's fees can never go into effect, if the terms of the bill or note are complied with. They are, therefore, incidental and ancillary to the main engagement, intended to assure its performance, or to compensate for trouble and expense entailed by its breach. At maturity a negotiable paper ceases to be negotiable in the full commercial sense of the term as heretofore explained, though it still passes from hand to hand by negotiable forms of transfer; and it seems paradoxical to hold that instruments evidently framed as bills and notes are not negotiable during the currency, because when they cease to be current they contain a certain stipulation to defray all expenses of collection."

The case of *Bank* v. *Strother,* 28 S. C., 504, 516, 6 S. E., 313, is supposed to be in conflict with this view. In that case, there were three stipulations contained in the note which were considered by the Court:

"1. For the payment of 'all counsel fees and expenses in collecting this note if it is sued or placed in the hands of counsel for collection.'

"2. A provision whereby the payee is invested with 'full power of declaring this note due, and take possession of said engine and saw mill at any time they may deem this note insecure, even before the maturity of the same.'

"3. The promise to pay the amount named 'with exchange on New York.'"

With reference to the third stipulation, the Court held that it certainly rendered the note non-negotiable, under the authority of *Reed* v. *McNelty,* 2 Rich., 445. The promise to pay the sum definite, with an undefined sum as exchange, affected the certainty of the amount due *at maturity.* This alone was sufficient to sustain the decision in *Bank* v. *Strother.* With reference to the second stipulaton, the Court held that it rendered the time of payment altogether uncertain, and dependent only upon the option of the payee,

and so deprived the paper of its negotiability. The *point* decided in *Bank* v. *Strother* was that the instrument in question was not negotiable, and this may well be rested upon the second and third stipulations above.

With respect to what was said by the Court in that case, with reference to the first stipulation, in my opinion, the case is not fairly reconcileable with the reasoning and conclusion of the Court in *White* v. *Harris,* 69 S. C., 65. In that case the Court held that an agreement in a note to pay ten per cent. attorney's fees for collection in default of payment after maturity, did not render the note non-negotiable, and the first reason assigned for this conclusion was that the ten per cent. attorney's fees were not to be paid until after the maturity of the note. The Court then proceeds to show that there was no element of uncertainty in the *amount* of attorney's fees. Nevertheless, the effect of the ruling in *White* v. *Harris* is that an instrument may be a negotiable promissory note, even though a specified amount of attorney's fees is payable after maturity upon a contingency, viz: collection by attorney or suit. "A promissory note is a written engagement by one person to pay another absolutely and unconditionally a certain sum of money at a time specified therein." 2 Ency. Law, 314, approved in *Harris* v. *White.* The definition is fully met by the terms of the notes in suit, when considered with reference to their maturity. But if negotiability is to be further tested by stipulations which become effective only after maturity and default of payment, then *White* v. *Harris* was wrongly decided, because, while the amount of the attorney's fees was certain, still the payment of that amount was contingent and conditional upon the event of collection through an attorney. But I think *White* v. *Harris* was rightly decided on the broad ground that such stipulations do not affect negotiability, since they become effective upon a contingency after maturity, when the note ceases to be negotiable under the law merchant. The element of uncertainty in the words "costs and expenses" does not, therefore, affect negotiability, as it

does not affect the certainty of the amount payable at maturity. Authors on Negotiable Instruments, such as Daniel, Randolf, Tiedman and Parsons, maintain that such stipulations do not affect negotiability. See, also, the following authorities: *Montgomery* v. *Crossthwait,* 90 Ala., 533, 24 Am. St. Rep., 832; *Trader* v. *Chidester,* 41 Ark., 242, 48 Am. Rep., 38; *Stapleton* v. *Louisville Banking Co.,* 95 Ga., 802, 23 S. E. Rep., 81; *Dorsey* v. *Wolff,* 142 Ill., 589, 34 Am. St. Rep., 99; *Shennandoah Nat'l. Bank* v. *Marsh,* 89 Iowa, 273, 48 Am. St. Rep., 381; *Seaton* v. *Scovil,* 18 Kan., 433, 26 Am. Rep., 779; *Carr* v. *Louisville Banking Co.,* 11 Bush, 180 (Ky.), 21 Am. Rep., 209; *Bank of Commerce* v. *Fuqua,* 11 Montana, 285, 28 Am. S. Rep., 461; *Stoneman* v. *Pyle,* 35 Ind., 103, 9 Am. Rep., 637; *Oppenheimer* v. *Bank* (Tenn.), 33 L. R. A., 769; *Wright* v. *Morgan* (Texas), 37 S. W. Rep., 627; *Clifton* v. *Bank* (Miss.), 23 So., 394; *Salisbury* v. *Stewart* (Utah), 49, P. 777; *Farmers' National Bank* v. *Sutton Mfg. Co.,* 52 Fed. Rep., 191, 17 L. R. A., 595.

For these reasons, I think the judgment of the Circuit Court should be reversed.

MR. JUSTICE WOODS. I think the case of *Bank* v. *Strother,* 28 S. C., 504, is unsound in principle and opposed to the great weight of authority, in so far as it holds that a note which provides for the payment of attorney's fees and expenses of collection which cannot accrue until after maturity, is not negotiable. I think, therefore, the case should be overruled to that extent, and for this reason I concur in the separate opinon of Mr. Justice Jones.