6971

### SMITH SONS GIN AND MACHINE CO. v. BADHAM.

Notes.—The payee of a non-negotiable note may make himself liable to one holding it for value by indorsement before maturity. Payments made by payee on the note after indorsement tend to show an obligation was created by his indorsement. Do the provisions in a promissory note "with all expenses, if suit be instituted for the collection of this note" and "negotiable and payable at," etc., render the note non-negotiable?

Before J. P. Carey, special Judge, Richland, April, 1905. Affirmed.

Action by Smith Sons Gin and Machine Company against V. C. Badham. From order overruling demurrer, defendant appeals.

*Mr. J. S. Muller,* for appellant, cites: *The note is non-negotiable:* 4 Ency., 1, 81; 28 S. C., 504; 48 S. C., 308; 41 S. C., 81; 69 S. C., 65; 71 S. C., 107; 63 S. C., 433. *Judgment affirmed by divided court is judgment of Supreme Court:* 62 S. C., 469. *If so, indorsement and delivery only constitutes an assignment:* 7 Rich., 12; 1 Hill, 56; 3 McC., 236; 12 Rich., 31; 10 Am. Dec., 554; 44 Pa. St., 454; 4 Watts, 400; 34 Am. Dec., 558; 39 Am. Dec., 158; 95 Minn., 496; 42 Am. St. R., 118.

*Messrs. Andrew Crawford, E. McC. Clarkson* and *Shand & Shand,* contra. *Messrs. Shand & Shand* cite: *Is the note a negotiable promissory one?* 1 Rand. Com. Paper, sec. 110; 1 Dan. Neg. Inst., sec. 43; 43 S. C., 78; 12 L. R. A., 145; 33 Md., 23; 75 N. Y. Supp., 781; 34 Ia., 544; 56 Ga., 264; 3 Kan., 382; 84 Ala., 304. *If the note is non-negotiable, indorsement by payee makes his liability the same as that of indorser:* 2 Dan. Neg. Inst., sec. 664; Story Prom. Notes, secs. 41, 128, 129; 2 Rand Com. Paper, secs. 660, 661; 30 S. C., 358; 12 Rich., 31; 30 S. C., 358; *Booth* v. *June* (note),

12 Rich., 31; 7 Rich., 12; 8 S. C., 104; 1 Rand. Com. Paper, sec. 70; 12 S. C., 579; 21 S. C., 434; 22 S. C., 375; 25 S. C., 126; 2 Gill., 330; 1 Dan. Neg. Inst., sec. 664. *Demand was waived:* 3 Rand. Com. Paper. secs. 1074, 1357; 2 Dan. Neg. Inst., sec. 1092; 57 Am. St. R., 254.

July 24, 1908. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action on a written instrument, alleged in the complaint to be a promissory note, made to the defendant as payee, and indorsed by him, in blank, to the plaintiff, before maturity.

There was a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action, but it was overruled.

After setting forth the corporate existence of the plaintiff, the complaint alleges the following facts:

"That on September the 1st, 1898, one S. C. Starr made and delivered to the defendant herein his promissory note, in writing, as follows:

" 'Columbia, S. C., September 1, 1898.

" 'On or before the first day of October, 1899, for value received in one machinery per contract, I, the undersigned, of Darlington County, State of South Carolina, promise to pay to the order of V. C. Badham, of Columbia, S. C., seven hundred and sixty 66-100 dollars, negotiable and payable at the bank in Darlington, without offset, with interest at the rate of          per cent. per annum after maturity until paid, waiving all relief whatever from valuation, appraisement, or exemption laws, with all expenses, if suit be instituted, for collection of this note; and it is expressly understood and agreed that the said V. C. Badham neither parts with the title, nor do the undersigned acquire any title in the property enumerated herein, until this note and all other notes given in payment for same, and all extensions and renewals thereof, are fully paid. Presentment for payment and protest waived.          S. C. Starr.'

"That, on information and belief, thereafter and before maturity the defendant indorsed the said note and delivered the same to the plaintiff for value.

"That on October 10, 1899, the sum of one hundred and seventy-five and 00-100 dollars was paid on said note, and on the 20th day of the same month, in the same year, the further sum of one hundred 00-100 dollars was paid thereon, both of which payments were duly credited on the back of said note.

"That, under the terms of said note, a reasonable attorney's fee is added and becomes a part of the note herein sued upon, and that ten per cent. of the amount due and payable for principal and interest is such a fee.

"That there is now due and payable on said note the sum of four hundred and eighty-five 66-100 dollars, together with interest from October 1, 1899, at the rate of seven per cent. per annum, amounting to one hundred and six 78-100 dollars, which aggregates five hundred and ninety-two 44-100 dollars; and that sum, together with ten per cent., as attorney's fee thereon, which is the sum of fifty-nine 25-100 dollars, is the amount due and owing to the plaintiff."

The first ground of the demurrer was as follows:

"Because the note sued on is non-negotiable; and, being non-negotiable, the alleged indorsement of the same by the defendant, Badham, does not import a liability of any kind on his part, but only a mere assignment thereof."

His Honor, the presiding Judge, assigned the following reasons for overruling the demurrer:

"If this note only contained a provision for ten per cent. attorney's fees, I would hold that it is a negotiable note; if it only contained the words 'with all expenses, if suit be instituted,' I would hold that it is a non-negotiable note, those expenses not being made definite; but when I come to construe the whole note, as I must do in this case, I think, that if the parties themselves had treated this as a negotiable note, and if they have declared on the face of it that it shall

be a negotiable note, that it is negotiable. * * * My construction of the whole paper is that it is a negotiable instrument. There is no seal on the paper, which is the distinguishing characteristic between a negotiable and non-negotiable instrument. * * *

"Another ground on which I refuse to sustain the demurrer is this:

"The note was due on the first of October, 1899; the first payment was made on the tenth of October, 1899. Now, who made those payments? Here is the allegation that they were made after the transfer of the note. It is a question of fact, then, who did make them. If you wanted that complaint made more definite, as to whether Badham made those payments or not, you had your remedy to require that to be done."

After the demurrer was overruled, the case proceeded to a trial before a jury, that rendered a verdict in favor of the plaintiff for $592.44, and the defendant appealed.

The first question that will be considered is whether his Honor, the presiding Judge, erred in overruling the first ground of demurrer.

Questions similar to that now under consideration were before the Court, in the following cases: *Bank* v. *Strother,* 28 S. C., 504, 6 S. E., 313; *Sylvester Bleckley Co.* v. *Alewine,* 48 S. C., 308, 26 S. E., 609, 37 L. R. A., 86; *White* v. *Harris,* 69 S. C., 65, 48 S. E., 41; *Green* v. *Spires,* 71 S. C. 107, 50 S. E., 554.

In the last mentioned case the note contained this provision: "In case this note, or any part of it, is collected through an attorney, or by legal proceedings of any kind, I promise to pay all costs and expenses, including ten per cent. of amount collected for attorney's fees;" while, in the note under consideration, the maker promised to pay the sum therein mentioned, "with all expenses, if suit be instituted, for collection of this note."

The decision in the case of *Green* v. *Spires,* 71 S. C., 107, 109, 50 S. E., 554, did not, in any respect, rest upon the

words "including ten per cent. of amount collected for attorney's fees," as will be seen by reference to the following language taken from the opinion of the Court: "The appellant relies upon the recent case of *White* v. *Harris,* 69 S. C., 65, 48 S. E., 41, in which the note contains the following provision: 'We agree, in default of payment after maturity, to pay ten per cent, for attorney's fees for collection.' "

The Court held this agreement did not destroy the negotiability of the note. It will be observed that in the note just mentioned there was not an agreement to pay undefined expenses. That case is, therefore, not an authority on the question under consideration.

Also from the following language in the concurring opinion of Mr. Chief Justice Pope: "I concur in the result. The insertion in the notes of the words: 'I promise to pay all costs and expenses,' takes these cases out of the rule laid down in *White* v. *Harris,* 69 S. C., 65, 48 S. E., 41, by which case it would otherwise be governed."

The case of *Green* v. *Spires,* 71 S. C., 107, 50 S. E., 554, was decided in favor of the defendant, on the ground that the word "expenses" rendered the note uncertain, and, therefore, non-negotiable; and we see no good reason why the same word should not render the note under consideration non-negotiable.

The construction which the plaintiff itself has placed upon the note shows that it is non-negotiable, for it is alleged in the complaint "that under the terms of said note a reasonable attorney's fee is added, and becomes a part of the note therein sued upon."

What is a *reasonable* attorney's fee cannot be determined from an inspection of the note, but involves a question of fact, which must be submitted to the jury.

The respondent's attorney, however, contends that even if this note when made was non-negotiable, nevertheless the indorsement of it by the payee, to whose order it was payable, made it binding on him, and his liability to his imme-

diate indorsee is the same as upon the indorsement of a negotiable note, on the ground that the indorser thereby, in effect, becomes the drawer of a bill of exchange.

The first case in our reports upon which the respondent's attorney relies is *Bay* v. *Frazier,* 1 Bay, 66, in which it was held that an indorsement upon the back of a bond, making its contents payable to order, and for value received, is a good bill of exchange, within the custom of merchants, so as to charge the indorser, though the bond is not, in its nature, negotiable.

In the subsequent case of *Parker* v. *Kennedy,* 1 Bay, 398, this question was reviewed by the Court in an elaborate discussion, and the doctrine announced in the case of *Bay* v. *Frazier,* 1 Bay, 66, was repudiated and that case practically overruled.

The rule laid down in the case of *Parker* v. *Kennedy,* 1 Bay, 398, was followed in the case of *Walker* v. *Scott,* 2 N. & McC., 286.

The appellants also rely upon the case of *Booth* v. *June,* decided in 1848, but which was not reported, nor was an opinion filed, although the report of his Honor, the Circuit Judge who tried the case, shows that the opinion was to have been written by his Honor, Judge Withers. Reference is made to that case by the reporter in a note to the case of *Lanneau* v. *Erwin,* 12 Rich., 31, and he concludes his remarks with this language: "The defendant admitted he was 'security or indorser.' How far this admisison affected the Court of Appeals we have no means of knowing, but from the report it would seem the Circuit Judge thought that the indorsement itself was sufficient, and that upon it alone the defendant could be charged as the drawer of a bill of exchange."

This unreported case, in which no opinion was filed, cannot have the effect of overruling the cases of *Parker* v. *Kennedy,* 1 Bay, 358, and *Walker* v. *Scott,* 2 N. & McC., 286; especially since the doctrine announced in those cases has been affirmed in the case of *Tryon* v. *DeHay,* 7 Rich., 12,

which decides that where the payee transfers a sealed note and writes his name upon it, in blank, such indorsement, without more, imports merely an assignment of the note and not a guarantee also.

These authorities show that his Honor, the presiding Judge, erred in ruling that the note was negotiable; and if there was no other ground upon which his order overruling the demurrer could be sustained, a new trial would be granted.

We proceed to consider whether the additional ground upon which his Honor, the presiding Judge, based his refusal is tenable.

That ground was as follows: "The note was due on the first of October, 1899; the first payment was made on the tenth of October, 1899. Now, who made those payments? Here is the allegation that they were made after the transfer of the note. It is a question of fact, then, who did make them. If you wanted that complaint made more definite, as to whether Badham made those payments or not, you had your remedy to require that to be done."

There is no doubt that, according to the course of our decisions, one may contract a liability by indorsing his name upon unnegotiable paper—that is to say, upon paper not negotiable according to the law merchant. He may become so as maker, as guarantor, or as drawer of a bill of exchange, wherever the evidence established that he intended to contract liability in one or other form. *Tryon* v. *DeHay,* 7 Rich., 12.

If the defendant made payments on the note, after indorsing it to the plaintiff, this would tend to show that an obligation was created by his indorsement. The fact whether he made the payments alleged in the complaint was uncertain, and if he did not make them, he should have made a motion either to strike out the allegations of payment on the ground of irrelevancy or to make the complaint definite and certain, by alleging who made the payments.

These views show that the demurrer was properly overruled.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. CHIEF JUSTICE POPE *concurs in the result.*

MR. JUSTICE WOODS *concurs in the result and in the separate opinion of* MR. JUSTICE JONES.

MR. JUSTICE JONES. While concurring in the result, I do not assent to the view that the words "with all expenses, if suit be instituted for the collection of this note," render the note non-negotiable in conflict with the expressed intention of the parties declaring it to be negotiable.

The stipulation in question creates no element of uncertainty as to the amount due at maturity. The contingency upon which the uncertainty arises is one which cannot happen until after the maturity of the note. Such uncertainty in no wise affects negotiability.

My views of this subject have been expressed in *Sylvester Bleckley Co.* v. *Alewine,* 48 S. C., 308, 26 S. E., 609, and *Green* v. *Spires,* 71 S. C., 109, 50 S. E., 554. On a question so important to the commercial interests it would be unfortunate for this State to isolate itself from the judicial thought of the country by fettering paper intended to be negotiable by such useless restrictions.