### SYLVESTER BLECKLEY CO. v. ALEWINE.

1. NOTES AND BILLS—MAKER—ENDORSER.—The defendants herein *held* to be joint makers of the note sued on and not endorsers.
2. IBID.—NEGOTIABLE—NON-NEGOTIABLE.—Does the provision in a note requiring the makers to pay ten per cent. attorney's fees, "if collected by suit, or placed in the hands of an attorney for collection," render it non-negotiable?

Before WITHERSPOON, J., Anderson, October, 1896. Reversed.

Action by Sylvester Bleckley Company against John A. Alewine, John B. Low, and John D. Alewine, on the following complaint, excepting formal parts:

II. That on the 4th day of January, 1894, the defendant, John A. Alewine, for full valuable consideration, made and delivered to J. S. Fowler his certain note, of which the following is a copy, to wit: "$295.25. Anderson, S. C., January 4th, 1894. On 1st December, 1894, after date, I promise to pay to the order of ——— $295.25, value received. Interest after maturity at eight per cent. per annum. Negotiable and payable at Farmers and Merchants Bank. And if this note is collected by suit or placed in the hands of an attorney for collection, we promise to pay ten per cent. attorney's fees for collection in addition to principal and interest. John A. Alewine."

III. That the consideration of said note was two mules purchased by the said John A. Alewine from J. S. Fowler, and that in order to induce said Fowler to part with said mules, the defendants, John B. Low and John D. Alewine, before the delivery of said note, duly endorsed same for delivery to said J. S. Fowler.

IV. That said note became due and payable at said Farmers and Merchants Bank on the 4th day of December, 1894, and was duly presented there during banking hours on that day and payment demanded, but that payment thereof was refused, and that said note was duly protested, and notice immediately sent to each of said endorsers, John B. Low and John D. Alewine, of said protest. That the protest fees amounted to the sum of $2.25.

V. That on the 14th day of June, 1895, said note was duly assigned to the plaintiff, for value received, by J. S. Fowler, without recourse on him, and plaintiff is now the legal owner and holder of said note for value.

An oral demurrer was sustained by the following order:

The defendants, John B. Low and J. D. Alewine, having interposed an oral demurrer in the above stated cause, on the grounds that said complaint does not state facts sufficient to constitute a cause of action against them, in that said complaint is based on a non-negotiable note, in which John B. Low and John D. Alewine are sued as endorsers, and as a matter of law they cannot be held liable as endorsers on a non-negotiable note; and it appearing from the allegations of said complaint that they are sued as endorsers thereon; and it appearing from said note set up in said complaint that it provides as follows: "And if this note is collected by suit or placed in the hands of an attorney for collection, we promise to pay ten per cent. attorney's fees for collection in addition to principal and interest," and there being an element of uncertainty in said note, thereby rendering the same non-negotiable; after argument of counsel, on motion of Tribble & Prince, defendants' at-

torneys, it is ordered, that the demurrer be, and the same is hereby, sustained as to said John B. Low and John D. Alewine.

From this order the plaintiff appeals, on the following exceptions:

1st. Because his Honor erred in holding that the complaint does not state facts sufficient to constitute a cause of action against John B. Low and John D. Alewine, in that said complaint is based on a non-negotiable note on which they are sued as endorsers.

2d. Because his Honor erred in holding that the note set up in the complaint is non-negotiable, because it provides that "if this note is collected by suit or placed in the hands of an attorney for collection, we promise to pay ten per cent. as attorney's fees for collection in addition to principal and interest," and thereby imported an element of uncertainty which rendered the same non-negotiable.

3d. Because his Honor erred in holding that there was any element of uncertainty in said note which would render it non-negotiable.

4th. Because his Honor erred in not holding that said note was negotiable both as to John B. Low and John D. Alewine, and in not overruling the demurrer interposed.

*Messrs. Bonham & Watkins*, for appellant, cite: *Negotiable note:* 28 S. C., 517; 18 S. C., 287; 9 S. C., 344; 24 S. E. R., 81. *Joint makers:* 2 McMull., 319; 5 Rich. L., 310; 12 Rich. L., 556; 16 S. E. R., 188.

*Messrs. Tribble & Prince*, contra, cite: *Negotiable note:* 18 S. C., 287; 28 S. C., 17; 60 Wisc., 206; 63 Mo., 33; 84 Penn. St., 407; 92 Penn. St., 207; 84 N. C., 24; 71 Mo., 622, 618, 627; 82 Col., 637; 73 Mich., 493.

Feb. 17, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The appeal herein is from an order of his Honor, Judge Witherspoon, sustaining an oral de-

murrer to the complaint. The grounds upon which the Circuit Judge sustained the demurrer were that it did not state facts sufficient to constitute a cause of action, "in that said complaint is based upon a non-negotiable note, in which John B. Low and John D. Alewine are sued as endorsers, and as a matter of law they cannot be held liable as endorsers on a non-negotiable note, &c." The complaint, the order of his Honor, Judge Witherspoon, and the exceptions will be set out in the report of the case.

The third paragraph of the complaint shows that the respondents were not sued as endorsers, but as joint makers. The allegations of said paragraph are: 1st. That the consideration of said note was two mules purchased by the said John A. Alewine from J. S. Fowler. 2d. That in order to induce the said Fowler to part with the said mules, the respondents endorsed the said note for delivery to said Fowler; and 3d. That said note was endorsed *before* delivery. The case of *Johnson* v. *McDonald*, 41 S. C., 81, shows conclusively that, under the allegations of the complaint, the respondents were joint makers and not endorsers. His Honor was, therefore, in error in sustaining the demurrer.

Another question was, however, presented, which the Court will proceed to consider, to wit: Whether the provision in the note for attorney's fees rendered it non-negotiable. The decisions on this question are conflicting, as will appear by reference to the following cases, which cite many authorities: *Bowie* v. *Hall*, 1 L. R. A., 546; *Wright* v. *Traver* (Mich.), 3 L. R. A., 50; *Bank* v. *Tuttle* (N. M.), 7 L. R. A., 445; *Montgomery* v. *Crosthwait* (Ala.), 12 L. R. A., 140; *Bank* v. *Fuqua* (Mont.), 14 L. R. A., 588; *Bank* v. *Mfg. Co.* (Fed. Rep.), 17 L. R. A., 595; *Dorsey* v. *Wolff* (Ill.), 18 L. R. A., 428; *Stapleton* v. *Banking Co.* (Ga.), 23 S. E. R., 81. There is so much confusion upon the subject of negotiable paper, that an effort is now being made to have an act passed by the legislatures of the different States, making the laws upon the subject

of negotiable paper uniform throughout the United States. In 2 Am. & Eng. Enc., 314, a promissory note is thus defined, to wit: "A promissory note is a written engagement by one person to pay another absolutely and unconditionally a certain sum of money at a time specified therein." The decisions in this State are to the effect that uncertainty in the note, whether existing prior or subsequent to the maturity of the note, renders it non-negotiable. *Bank* v. *Strother*, 28 S. C., 517. The remaining inquiry, then, is, whether the provision in the note for attorney's fees renders it non-negotiable. Whether the owner of the note after maturity would place it in the hands of an attorney for collection before payment thereof, was an uncertain event; and if, after maturity, the parties liable on the note should proceed to pay the same, it would be uncertain where they would find the note, whether in the hands of the owner or an attorney. If they should find the note in the hands of the owner, they would only have to pay principal and interest; but if the note had been placed in the hands of an attorney for collection, they would not only have to pay principal and interest, but attorney's fees of ten per cent. This uncertainty makes the note non-negotiable.

It is the judgment of this Court, that the order of the Circuit Court be reversed.

MR. CHIEF JUSTICE McIVER concurs.

MR. JUSTICE POPE. I concur in the result, by which a new trial is awarded, owing to error in Circuit Judge sustaining the oral demurrer.

MR. JUSTICE JONES. While concurring in the result, I am unable to concur in so much of the opinion of Mr. Justice Gary as holds the instrument in question non-negotiable, because of the provision relating to attorney's fees. The stipulation is as follows: "And if this note is collected by suit, or placed in the hands of an attorney for collection, we promise to pay ten per cent. attorney's fees for collection in

addition to principal and interest." While not expressly so stated, the whole agreement shows that the parties intended the ten per cent. attorney's fees for collection to attach in a certain contingency *after maturity.* Now a note ceases to be negotiable at maturity. Therefore, a stipulation for attorney's fees for collection after maturity does not import into the promise any element of uncertainty, affecting its negotiability. Its negotiability had ended before the additional liability attached. Mr. Daniels, in his work on Negotiable Instruments (vol. 1, § 62, 4 ed.), says: "It seems paradoxical to hold that instruments, evidently framed as bills and notes, are not negotiable during their currency, because when they cease to be current they contain a stipulation to defray the expense of collection. So far from tending to check the circulation of paper, such a provision adds to its value, and thus renders it more available for commercial purposes." The Supreme Court of Georgia, speaking through Simmons, C. J., clearly expresses the true view thus: "The stipulation as to costs and attorney's fees is not a part of the main engagement, but relates to the remedy in case of failure to comply with the contract, and is intended to compensate for the expense resulting from its breach. It does not become effective unless there is a failure to pay at the time specified, and it cannot then affect its negotiability, for negotiability in the full commercial sense closes at maturity." This view is sustained by many authorities, which need not here be cited. I do not think this case is ruled by the case of *Bank* v. *Strother*, 28 S. C., 505, cited. In that case the stipulation was, "and also all counsel fees and expenses in collecting this note, if it is sued or placed in the hands of counsel for collection." Chief Justice McIver, speaking for the Court in that case, said: "If the paper, in addition to an obligation to pay a specified sum of money, contains also an obligation to pay another undefined sum of money even upon a contingency, that, it seems to us, will deprive it of the character of a note, under the statute of Anne." Moreover, the instrument

under consideration in *Bank* v. *Strother* expressly declared that the payees "have full power of declaring this note due, and take possession of said engine and saw mill at any time they may deem this note insecure, even before maturity of the same." Here clearly was an uncertainty in the time of payment, and coupling this with the stipulation as to counsel fees and expenses in collecting, it was clear that Strother under the terms of the instrument was, in a certain contingency that might happen before the time fixed for payment, liable for an uncertain amount of counsel fees and expenses, since the instrument was liable to be declared due and placed in the hands of counsel for collection *before* its stated maturity. Besides this, *Bank* v. *Strother* was ruled by *Read* v. *McNulty*, 12 Rich., 445, because of the stipulation, "with current rate of exchange," which imports uncertainty in the amount due *at* maturity, because the rate of exchange is variable. If *Bank* v. *Strother* is to be deemed authority for the view that uncertainty in an instrument subsequent to its maturity renders it unnegotiable, I am unwilling to go beyond the express limitation in that case, viz: that a promise to pay an additional *undefined* sum after maturity renders the instrument unnegotiable. In the case at bar the amount of attorney's fees is not undefined, but is fixed and certain. The better view, both in reason and the growing weight of authority, is that such a stipulation as the one under consideration, *in no wise affecting the certainty of the obligation in all its parts at the time fixed for payment*, does not destroy the negotiability of the instrument intended or declared to be negotiable by the parties. The great importance of removing unreasonable restrictions on the negotiability of paper intended for commercial use should incline all courts, especially when not controlled by binding authority, to adopt a rule in harmony with the progress of commercial law.